Sweet vs. Ohio Coal Co.

---

Sweet, Appellant, vs. Ohio Coal Company, Respondent.

*November 7 — November 25, 1890.*

*Master and servant: Assumption of risks of employment.*

A stairway built for the use of employees on a coal-dock was steep, without a railing, and had steps at irregular distances, but these defects were obvious. *Held,* that an employee who had been working on the dock and had used the stairway once or twice was chargeable with knowledge of such defects and assumed the risk of injury arising therefrom.

APPEAL from the Circuit Court for *Ashland* County.

The facts are stated in the opinion. At the close of the testimony the trial court directed a verdict for the defendant, and from the judgment entered on such verdict the plaintiff appealed.

For the appellant there was a brief by *Dufur & Tannehill*, attorneys, and *F. W. Houghton*, of counsel, and oral argument by *Mr. Houghton*.

For the respondent there was a brief signed by *Hayden & Young*, of counsel, and *Dockery & Kingston*, attorneys, and oral argument by *George Hayden*. They cited, besides cases cited in the opinion, *Mad River & L. E. R. Co. v. Barber*, 5 Ohio St. 541; *Howland v. M., L. S. & W. R. Co.* 54 Wis. 230; *Sullivan v. India Mfg. Co.* 113 Mass. 396; *Ladd v. New Bedford R. Co.* 119 id. 412; *Dynen v. Leach,* 26 L. J. (Exch.), 222; *Brown v. Accrington Cotton Co.* 3 Hurl. & C. 511; *Seymour v. Maddox,* 16 Q. B. 332; *Assop*

*v. Yates*, 2 Hurl. & N. 768; *Senior v. Ward*, 1 El. & El. 385; *Woodley v. M. D. R. Co.* L. R. 2 Exch. Div. 384; *Balle v. Detroit L. Co.* 73 Mich. 158; *Mich. Cent. R. Co. v. Smithson*, 45 id. 221; *Kean v. D. C. & B. R. Mills*, 66 id. 287.

COLE, C. J. This is an action to recover damages for a personal injury caused, as it is alleged, by the negligence of the defendant company. There is no dispute about the facts, which may be briefly stated as follows:

The plaintiff was in the employ of the defendant from the 20th day of May until the 24th day of August, 1889, on its coal docks in Ashland. His usual work was to assist in shoving the railroad cars as the coal was put into them, and keeping the dock clear so that the cars could be shoved easier. There was a kind of tram-way or upper dock about twenty-five feet above the lower dock on which the plaintiff worked, upon which upper dock there were three or four men employed. About the 1st of August, a stairway was built from the lower to the upper dock. This stairway was about three feet wide, and twenty-seven feet long. Two long planks were used for stringers. Into the sides of the stringers, notches were sawed, and planks laid in and nailed. The stairs were of irregular distances apart, being from $12\frac{5}{8}$ inches to $18\frac{1}{4}$ inches. The stairway was quite steep, and had no railing on the sides. The plaintiff testified that he was called upon to go up and down the stairs for different purposes; that he went up once carrying drinking water to the men at work on the upper dock, and once to assist in changing the cars from one track to another; but he had come down the stairs only once prior to the injury. On the day of the accident, the men on the upper dock called for drinking water, and the plaintiff took a pail of water up the stairway to them. He says: "I set down the pail at the head of the stairs and started to go down, and as I stepped from the third to the fourth step from the top my leg

struck on the step above that I was stepping from, and consequently threw it out. The calf of my leg struck somewhere in the neighborhood of thirteen inches from my foot. It threw the foot off the step, and consequently I pitched forward and fell down to the main dock, about twenty-two or twenty-three feet." That he sustained a serious injury from the fall is not disputed.

The only act of negligence on the part of the defendant upon which responsibility for the injury is predicated is the construction of such a steep stairway without proper braces or a railing, with the steps so far apart and of irregular distances, which stairway was intended to be used by men employed on the dock. It is said the stairway was defectively constructed and was very dangerous. That the stairway was defectively made; that it was dangerous; that the defendant company knew that it was not well constructed and was dangerous,— are facts which must be deemed established on this appeal, from the ruling of the trial court directing a verdict for the defendant. And the question is, Do these facts show that the defendant is liable for the injury? It appears to us they do not. The stairway was uncovered, exposed to the light of day, and its steepness and want of railing were such defects as would be noticed at a glance. Whatever imperfections existed in the construction of the stairway, its narrowness, and the irregularity in the distances the steps were apart, were readily observable, and would be discovered the first time a person attempted to go up or to go down them. No person, in the exercise of ordinary observation or care, could fail to discover these peculiarities of the stairway, for they were plain and obvious to the senses. As the defendant's counsel says, there was nothing about the stairway latent or concealed which could or did occasion the injury. True, the plaintiff had had occasion to go up and down the stairway but once or twice, but that was sufficient to teach him it was steep

and had no railing at the sides, and that the steps were at irregular distances apart. The first use of the stairway would impart to him a knowledge of these facts. It could not be otherwise, if he used his eyes; for the defects were so apparent. The plaintiff therefore was chargeable with knowledge of the defects in the construction of the stairway of which he complains. He must have seen these defects the first time he looked upon it, and he was working near and around the stairway some time before the accident occurred. The correctness of this view cannot well be controverted. This court has often affirmed the rule that, if the employee when he enters upon his employment knows or afterwards discovers that the machinery or the appliances he is called upon to use are defective or dangerous, and continues his employment without objection or complaint, he is deemed to have assumed the risk of the danger then known or discovered, and waives any claim for damages against his employer in case it shall result in injury to him. Some of these cases are cited on the briefs of counsel. See *Kelley v. C., M. & St. P. R. Co.* 53 Wis. 74; *Naylor v. C. & N. W. R. Co.* 53 Wis. 661; *Hobbs v. Stauer,* 62 Wis. 108; *Stephenson v. Duncan,* 73 Wis. 404.

It is certainly true that it is the duty of the employer to furnish his employee a reasonably safe place in which to work, and with reasonably safe appliances and apparatus. This rule of law is well settled, and has been acted upon in our decisions. At the same time it is equally well settled that the employer may conduct his business in his own way, although another method be less hazardous, and the employee takes the risk of the more hazardous method if he knows the danger and enters on the employment. Here the plaintiff must have seen whatever defects existed in the construction of the stairway, for such defects were plain and obvious. If he had used his senses, he would have discovered them the first time he went up and down the stair-

way. He said he knew the stairway was steep, but he had made no measurement of the steps or of the distances between them; but, if the irregularities of the distances between the steps were considerable, he would have observed that at a glance. It was not necessary to measure the distances between the steps to ascertain the defect any more than it was to use a plumb-line to discover that the stairway was very steep.

On the undisputed facts of the case, we think no actionable negligence on the part of the defendant company was shown, and that it was not error to withdraw the case from the jury. It follows from these facts that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.