BURNELL, Respondent, vs. THE WEST SIDE RAILROAD COMPANY, Appellant.

*March 17 — April 10, 1894.*

*Street railways: Injury to motorman: Dangerous appliances: Assumption of risk.*

While plaintiff was cleaning the commutator in defendant's electric car, his hand and arm were caught and injured by unguarded gear wheels of the motor. He was twenty-four years old, and had been in defendant's employ as a motorman for three days, after having been for eight days under the instruction of defendant's employees to fit him for the work. It was his duty to clean the commutator frequently while the car was in motion, and the danger of injury from the gear wheels was obvious to a person of ordinary intelligence. *Held,* that it was one of the ordinary risks of the employment, which were assumed by him.

APPEAL from the Superior Court of *Milwaukee* County. The complaint alleges the incorporation and organization of the defendant; that it operates cars by means of electricity as a motive power; that said cars are propelled by mechanical appliances, known as "electric motors," placed under the floors of said cars and between the wheels thereof, to which said motor electricity is conducted by means of a brush pressing upon, and in contact with, a cylinder of polished brass, which rotates when the machinery is in motion,

and which cylinder is known as the "commutator;" that the motion induced by electricity is transferred to the wheels by means of cogged gearing; that in order to successfully operate the machinery it is necessary, from time to time, to cleanse or polish the surface of the commutator, in order to remove therefrom dust accumulated thereon; that the method for so cleansing the same is by means of sandpaper attached to a wooden block, and held and pressed by the motorman in charge of the car upon the surface of the commutator while the same is rotating; and that the motorman's duty is to start and stop the car by the use of proper appliances placed upon the front platform thereof, which supply and cut off from the motor the electric current.

The complaint further alleges that the plaintiff is twenty-four years of age, and until about December 17, 1892, had always lived and worked upon a farm, and was unfamiliar with machinery; that on the day named he sought employment of the defendant as a motorman, and was by the defendant placed upon its cars to learn his duties as such, and was instructed by other employees of the defendant, from time to time, as to such duties, in so far as they applied to the running of the car, until December 25, 1892, when he entered into the employment of the defendant as a motorman; that thenceforward he served as such motorman and operated sundry cars of the defendant until December 28, 1892; that on that day he was engaged in running car No. 39, as motorman; that he had been instructed that it was his duty, as employee, to cleanse and burnish the commutator at the end of each alternate trip made by said car; that he had never been instructed how to perform such duty, except that he had seen another employee of the defendant perform the same on two occasions; that the plaintiff had never been warned or cautioned in any way that there was any danger attending the performance of such duty; that the defendant at all times

well knew that the performance of such duty was attended with great danger; that in order to perform such duty of polishing the commutator it was necessary to raise from the floor of the car a trapdoor about thirty inches long, running lengthwise of the car, by sixteen inches wide; that when the trapdoor was removed it left uncovered and exposed the gearing and certain of the mechanism of the motor; that in order to reach the commutator and polish the same it was necessary, while the car was in rapid motion, for the person doing the same to get upon his knees, or upon one knee, and support his body over the hole in the floor upon his left arm, with his left hand upon the floor, and then take the block with sandpaper attached, and place the same upon the commutator while in motion, and hold the same in that position; that directly over the commutator, and running transversely to the length of the car, was an iron bar about two and one-half inches from and above the surface of the commutator; that the width of the bar was such as to require the wood with sandpaper attached to be held in nearly a horizontal position while such duty was being performed; that the machinery attached to the car was improperly constructed, unsuitable, defective, and extremely unsafe, and exposed the person performing such duty to unnecessary danger, in this: that the person performing such duty was compelled to place his arm and wrist above, and in close proximity to, two gear wheels revolving towards each other with great rapidity, and that no guard or protection whatever was interposed to protect the person performing the duty to provide against his arm or sleeve being caught in the cogs; that the plaintiff was entirely ignorant of such danger, and unfamiliar with said machinery, and that, while so ignorant, he carefully and without fault on his part removed the trap from the floor, and carefully proceeded, as was his duty, to polish with sandpaper the surface of the commu-

tator; that while so performing said duty, and without any fault or negligence on his part, the right sleeve of his coat was caught between the cogs of said gear wheels, and his right hand and arm were instantly drawn between the cog-wheels and crushed and badly mangled, so that immediate amputation became and was necessary.

From an order overruling a general demurrer to such complaint, the defendant appeals.

For the appellant there was a brief by *Danforth Becker*, attorney, and *Charles N. Gregory*, of counsel, and oral argument by *B. K. Miller, Jr.* The mere leaving of the cog-wheels uncovered was not negligence. *Phillips v. Wis. State Ag. Soc.* 60 Wis. 401; Laws of 1885, ch. 549, sec. 2; *Sullivan v. India Mfg. Co.* 113 Mass. 396, *Naylor v. C. & N. W. R. Co.* 53 Wis. 665; *Townsend v. Langles*, 41 Fed. Rep. 920; *Sanborn v. A., T. & S. F. R. Co.* 35 Kan. 292; *Stephenson v. Duncan*, 73 Wis. 404; *Craver v. Christian*, 36 Minn. 413; *Cagney v. H. & St. J. R. Co.* 69 Mo. 416; *Stone v. Oregon C. Mfg. Co.* 4 Oreg. 52; 14 Am. & Eng. Ency. of Law, 889; *Clark v. Barnes*, 37 Hun, 389; *Palmer v. Harrison*, 57 Mich. 182; *Foley v. Pettee M. Works*, 149 Mass. 294; *Gilbert v. Guild*, 144 id. 601; *Goodnow v. Walpole E. Mills*, 146 id. 261; *De Souza v. Stafford Mills*, 155 id. 476; *Pratt v. Prouty*, 153 id. 333; *Tinkham v. Sawyer*, id. 485; *Berger v. St. P., M. & M. R. Co.* 39 Minn. 78; *Hull v. Hall*, 78 Me. 114; Beach, Con. Neg. (1st. ed.) sec. 123; *Smith v. The Serapis*, 51 Fed. Rep. 91; *Ennis v. The Maharajah*, 40 Fed. Rep. 784; *The Maharajah*, 1 U. S. App. 20; *Buhle v. Harland*, 37 Ill. App. 350. An adult soliciting a particular employment holds himself out as acquainted with and competent for its duties and knowing its risks. *Wagner v. Jayne Chem. Co.* 147 Pa. St. 475, 478; *U. P. R. Co. v. Estes*, 37 Kan. 715; *Bartonshill Coal Co. v. Reid*, 3 Macqueen, App. Cas. 284; *Wilson v. Merry*, L. R. 1 S. & D. App. Cas. 331; *Cole v. C. & N. W. R. Co.* 71 Wis.

Burnell vs. The West Side R. Co.

124, 125; *Pittsburg, C. & St. L. R. Co. v. Adams*, 105 Ind. 151; *Brazil Block Coal Co. v. Young*, 117 id. 524, 525; *Sherman v. Menominee R. L. Co.* 77 Wis. 14. An employer is not bound to adopt every improvement in machinery that is made. Only reasonable and usual precautions are required. *Doungan v. Champlain T. Co.* 56 N. Y. 1; *Loftus v. Union F. Co.* 84 id. 455; *Burke v. Witherbee*, 98 id. 562; *Hickey v. Taaffe*, 105 id. 26; *Nadau v. White R. L. Co.* 76 Wis. 134; *Chopin v. Badger P. Co.* 83 id. 200; *Cagney v. H. & St. J. R. Co.* 69 Mo. 416. If the danger is obvious and the servant of sufficient discretion to see and avoid it, the master cannot be held responsible for any injury resulting to the servant, although he did not warn him of the danger. Wood, Master & S. (2d ed.), sec. 349; *Atlas Engine Works v. Randall*, 100 Ind. 293; *Fones v. Phillips*, 39 Ark. 17; *Quick v. Minn. I. Co.* 47 Minn. 361; *White v. Wittemann Lith. Co.* 131 N. Y. 631; *Kelley v. Silver S. B. & D. Co.* 12 R. I. 112; *Schroeder v. Mich. C. Co.* 56 Mich. 132; *Moulton v. Gage*, 138 Mass. 390; *Rogers v. Galveston C. R. Co.* 76 Tex. 502; *Jenney E. L. & P. Co. v. Murphy*, 115 Ind. 566; *Henry v. King P. Mills*, 155 Mass. 361; *Buckley v. Gutta Percha Co.* 113 N. Y. 540; *Costello v. Judson*, 21 Hun, 396; *Mich. C. R. Co. v. Smithson*, 45 Mich. 212; *Townsend v Langles*, 41 Fed. Rep. 919; *Sweeney v. B. & J. E. Co.* 101 N. Y. 520; *Kohn v. McNulta*, 147 U. S. 238; *Leary v. B. & A. R. Co.* 139 Mass. 580; *Brazil Block Coal Co. v. Gaffney*, 119 Ind. 455; *Brazil Block Coal Co. v. Young*, 117 id. 523; *Robertson v. Cornelson*, 34 Fed. Rep. 716. The decisions of this court are in harmony with the others. *Strahlendorf v. Rosenthal*, 30 Wis. 674; *Dorsey v. Phillips & C. Const. Co.* 42 id. 583; *Naylor v. C. & N. W. R. Co.* 53 id. 661; *Behm v. Armour*, 58 id. 1; *Hobbs v. Stauer*, 62 id. 108; *Schultz v. C. & N. W. R. Co.* 67 id. 616; *Cole v. C. & N. W. R. Co.* 71 id. 114; *Stephenson v. Duncan*, 73 id. 404;

*Goltz v. M., L. S. & W. R. Co.* 76 id. 136; *Sweet v. Ohio C. Co.* 78 id. 127; *Paule v. Florence M. Co.* 80 id. 350.

For the respondent there was a brief signed by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

Cassoday, J. It appears from the foregoing statement that the danger of injury to the motorman while cleaning the commutator in the manner indicated therein was open and obvious to any person of ordinary intelligence. The plaintiff was at the time twenty-four years of age, and we must assume that he was possessed of such intelligence. Upon his application for employment as such motorman by the defendant, he was put under the instruction of the defendant's employees for a period of eight days, to fit him for such employment. During that period he had been instructed that it was the motorman's duty to clean the commutator at the end of every alternate trip of his car, and he had seen the motorman so clean the commutator at least on two occasions. With such instructions and opportunity for instruction and observation, the plaintiff, at the end of eight days, entered the employment of the defendant as such motorman, and, of course, thereby undertook to perform such duties of the motorman. After continuing in such employment for three days, during which time he must, in the ordinary course of the business, have repeatedly cleaned the commutator, he was injured as stated. Upon the facts of this case, and the well-settled rules of law applicable, we must hold that the injury to the plaintiff was one of the ordinary risks of his employment, and that he assumed the same upon entering such employment under the circumstances stated. *Stephenson v. Duncan,* 73 Wis. 404; *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136; *Sweet v. Ohio Coal Co.* 78 Wis. 127; *Paule v. Florence Mining Co.* 80 Wis. 350; *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 193; *Haley v. Jump River L. Co.* 81 Wis. 421.

Burnell vs. The West Side R. Co.

We think the case is clearly distinguishable from *Nadau v. White River L. Co.* 76 Wis. 120, and *Chopin v. Badger Paper Co.* 83 Wis. 192, relied upon by counsel. The decision of the first of these cases was based upon evidence to the effect that the plaintiff was nineteen years of age and wholly unaccustomed to machinery; that he was placed at work where he was unnecessarily exposed to danger not usually attendant upon his employment, without being warned of such danger. In the second of these cases the plaintiff was eighteen years of age, and the decision was based upon findings of the jury to the effect that the plaintiff was not of sufficient age, understanding, and experience in the business to comprehend the dangers incident to such work or employment; that he had not, prior to the accident, been sufficiently instructed or cautioned by the defendant as to the danger of the work, to enable him to comprehend and understand it; and that he was free from contributory negligence. We think the case is also distinguishable from *Darcey v. Farmers' L. Co., ante,* p. 245, since the injury in that case was by reason of a danger not usually attendant upon his employment, and of which the plaintiff had not been warned.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause is remanded with direction to sustain the demurrer, and for further proceedings according to law.