## DAVIS v. BUSS MACHINE WORKS.

1. MASTER AND SERVANT—ASSUMPTION OF RISK.

   At common law a servant employed as a nightwatchman would assume the risk of using a ladder or stairway having no concealed defects or peculiarities, constructed without a handrail.

2. SAME—STATUTES.

   But under Act No. 285, Pub. Acts 1909, requiring manufacturing establishments to provide stairways with substantial handrails, plaintiff did not assume the risk of defendant's failure to comply with the requirement.

3. WORDS AND PHRASES—LADDER—STAIRWAY.

   A ladder is a tool, usually portable, consisting of sides and cross steps or rungs, and is distinguishable from a stairway in that a ladder has treads but no risers, while a stairway pertains to architecture, and has risers, treads, nosings, fliers, and winders, and is stationary.

Certiorari to Ottawa; Padgham, J. Submitted January 16, 1912. (Docket No. 73.) Decided March 29, 1912.

Case by Banajah M. Davis against the Buss Machine Works for personal injuries. An order overruling a demurrer to plaintiff's declaration is reviewed by defendant on writ of error. Affirmed.

*Diekema & Kollen*, for appellant.

*Fred T. Miles* and *Corie C. Coburn*, for appellee.

STEERE, J. This case comes before us on a writ of certiorari to review an order of the circuit court overruling defendant's demurrer to the plaintiff's declaration. The action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff from falling down stairs in defendant's factory while making his

rounds as nightwatchman in its employ. The declaration is in legal and logical form, and the demurrer is to its substance rather than its form. The actionable negligence alleged is a failure to make the stairway down which plaintiff fell reasonably safe and provide it with a substantial handrailing, as required by section 14 of Act No. 285, Pub. Acts 1909.

Defendant, which is a corporation, owned and operated a machine shop in the city of Holland, Mich., and was engaged in the manufacture of certain kinds of machinery—

"In a one and two story building, * * * which said building was and is a one story brick veneered building having a second story or cupola on a portion of the same near the middle part of said building, and which said second story was and is connected to the first story by a very narrow stairway, which is, in fact, only a ladder leading from the first floor to the second floor, the steps of said ladder being about two feet long and four inches wide, of wood, and unprotected by any material to prevent one slipping on the same, the said stairway or ladder itself being very steep, and about 14 feet in length, and having a jog or break about 6 feet from the floor, and being situated back of the boiler in the boiler room; said stairway not having any handrail on either side, or being protected in any manner to insure the safety of any one having occasion to use the same."

The declaration alleges in proper form the duty of the defendant to provide a reasonably safe stairway, and keep the same in safe condition, and equip it with substantial handrailings as required by the statute, and alleges breach of duty in that particular. It further alleges that plaintiff was receiving wages of $9 per week, and had been in defendant's employ as nightwatchman for more than three months, when, on the night of November 5, 1909, while engaged in his duties as nightwatchman, going his rounds through the building, as directed by his employer, and ascending to said cupola in the line of his duty, then exercising due care on his part, he slipped and fell backwards a distance of nine or ten feet, thereby breaking two ribs,

and being otherwise injured, "solely because of the unsafe condition of said stairway and of the defendant's neglect to provide a proper and reasonably safe stairway with a handrailing to which he could cling."

The demurrer avers that no cause of action is stated; that plaintiff assumed the risk of all obvious dangers incident to his employment; that the danger stated was an obvious one, and that no latent or hidden dangers are stated in the declaration; that the ladder complained of is not shown to have been—

"Defective or made of improper material, or that it was unsafe, nor does the declaration show that the defendant was negligent in furnishing plaintiff a safe place to work; and the declaration shows that plaintiff had been using this ladder for more than three months, knew its condition and therefore he assumed the risk, if any there was, in connection with its use, and shows, further, that the injury sustained was either the result of negligence on the part of the plaintiff or otherwise purely accidental without defendant's fault."

It is not alleged that this stairway or ladder was unsound or had any peculiarities or defects that were latent or concealed, or that anything gave way or broke. It has long since been recognized that falling downstairs, where the mishap was not imputed to unknown or concealed defects, belongs to that class of ordinary accidents which ought to be imputed to the carelessness or misfortune of the sufferer. [*Wilkinson* v. *Fairrie*] 1 Hurl. & Colt. 633; *Sweet* v. *Coal Co.* (1890), 78 Wis. 127 (47 N. W. 182, 9 L. R. A. 861). In the absence of the statute, we think it clear there could be no recovery for the event stated in the declaration. The provisions of the statute under which recovery is sought are in part as follows:

"Stairways with substantial handrails shall be provided in manufacturing establishments, and where in the opinion of the factory inspector it be necessary the steps of such stairs in all such establishments shall be substantially covered with rubber securely fastened thereon for

the better safety of persons employed in said establishments."

Counsel for plaintiff, having designated the means of ascent and descent complained of both as a stairway and a ladder, say "they must provide a stairway. If they provide simply a ladder, of course, they violate the statute." The statute does not specify when or in what cases stairways shall be provided. It would be absurd to apply the statute to a manufacturing establishment of only one story where there was no occasion for the employés to go up and down in the usual course of their employment. It would be unreasonable to apply it to every means of ascent to unfrequented parts of the building where the construction of a stairway was impracticable, and, though not regularly frequented by the employés, nevertheless means of access were desirable on rare occasions, as in the case of fire or some special or unusual circumstance. We think it was the legislative intent to require stairways, with the safeguards specified, in all cases where means of ascent and descent are needed or desired, and are used by employés at their work in the line of their employment.

The declaration is somewhat confusing in the particular that it designates the same things by conflicting names. It describes the building as "a one and two story building," and—

"A one-story brick veneer building having a second story, or cupola, on a portion of the same near the middle part, which was connected to the first story by the stairway in question * * * which is in fact only a ladder."

A stairway is not a ladder, nor a ladder a stairway. A stairway appertains to architecture. It has various technical parts consisting of risers, treads, nosings, fliers, and winders. It is stationary. A ladder is in the nature of a tool, is a frame, usually portable, of wood, metal, or rope, used for ascent or descent, consisting only of two parts, the sides and the cross-steps, or rounds, or rungs, which

form the steps. One distinguishing feature between a stairway and a ladder is that a ladder has treads but no risers. A cupola is not a story of a building. It is the top of a structure, usually a cup-shaped spherical roof, though the terms also apply to any smaller structure rising above the roof, whatever may be its shape. The declaration does not inform us what, if any, useful purpose the cupola and ladder, or second story and stairway, served in the business conducted in the building, or who, if any one besides the watchman, used them.

Nevertheless, it is stated in the declaration that plaintiff was employed in a manufacturing establishment; that there was a second story connected with the first story of this building by a narrow stairway, not having any handrail on either side; that, under his instructions, it became the duty of the plaintiff to pass up and down said stairway, and while so doing, in the performance of his duties in the line of his employment, he was hurt, owing to the absence of such protection, and while exercising due care and caution on his part.

These allegations state a violation of a statutory duty which defendant could not legally contract to violate. Plaintiff did not assume the risk of such violation. It is alleged he was using the stairway in a manufacturing establishment under orders of his employers, in the line of his duties, was guilty of no fault or negligence which contributed to the accident, but fell and was injured owing to the statutory negligence stated. We think the declaration, taken as a whole, stated a cause of action.

The judgment of the circuit court in overruling defendant's demurrer to the same is affirmed.

MOORE, C. J., and MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.