## CHARLES PETERSON v. ALBERT I. SHAPIRO AND ANOTHER.[1]

June 3, 1927.

No. 26,026.

**"Hatchway" in statute cited does not refer to head of a stairway.**

As used in G. S. 1923, § 4152, providing that all hatchways in any factory, mill, workshop or store shall be securely protected by a substantial barrier, the word "hatchway" has reference to openings in a floor, sidewalk or deck and not to the head of a stairway.

Hatchway, 29 C. J. p. 215 n. 9.
Negligence, 29 Cyc. p. 470 n. 85 New.
Stairway, 36 Cyc. p. 813 n. 3 New.
Statutes, 36 Cyc. p. 1114 n. 96.

[1]Reported in 214 N. W. 269.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J., denying his motion for a new trial. Affirmed.

*Hubert Harvey* and *Ralph Stacker*, for appellant.

*Bundlie & Kelley*, for respondents.

QUINN, J.

Action for personal injuries suffered by plaintiff from falling down a stairway in a building owned by defendants. After a directed verdict for defendants, plaintiff appeals from the order denying his motion for a new trial.

At the trial and in this court, counsel for plaintiff conceded that there was no cause of action against the defendants unless there appeared to be a failure on their part to protect the well-hole as provided by G. S. 1923, § 4152, which provides, among other things, that every hatchway in any factory, mill, workshop or store shall be securely protected by a substantial barrier at least three feet and six inches high, which shall be kept closed except when necessarily open for use. In construing this statute it must be considered in connection with § 4147, which provides that all stairways and inclined footways, and all points where there is a break or change in the floor level where persons may have to walk or pass, shall be kept properly and sufficiently lighted during working hours. The trial court, in construing these statutes, held that the well-hole in question did not constitute a hatchway within the meaning of § 4152 and that, under the theory upon which the case was tried, that statute had no application, and accordingly directed a verdict in favor of the defendants.

We think the interpretation placed upon the statute by the learned trial judge was correct. The protection of the head of a stairway such as the one under consideration is provided for by § 4147, and the provisions of § 4152 have reference to hatchways and not to the head of a stairway such as the one in this case.

The word "stairway" in ordinary language means a flight of stairs, a series of steps ascending or descending to a different level, while a hatchway signifies an opening in a floor, sidewalk or deck. The rule is well established that common words are to be considered as

having been used in their ordinary meaning. State v. Marsh, 158 Minn. 111, 196 N. W. 930; Dun. Dig. § 8968.

Affirmed.