## MONTGOMERY WARD & CO., Inc., v. SNUGGINS.

### No. 11350.

Circuit Court of Appeals, Eighth Circuit.

April 29, 1939.

Pierce Butler, Jr., of St. Paul, Minn. (W. E. Rumble, D. B. Rumble, and Doherty, Rumble, Butler, Sullivan & Mitchell, all of St. Paul, Minn., on the brief), for appellant.

A. E. Bryngelson, of Minneapolis, Minn., for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment entered upon a verdict for the plaintiff (appellee) in an action at law brought to recover for personal injuries sustained by her on December 26, 1936. The plaintiff—a married woman fifty-three years of age, approximately five feet two inches tall, and weighing two hundred and twenty-six pounds— accompanied by her husband, visited the department store owned and operated by the defendant (appellant) in St. Paul, Minnesota, on that day. She entered the store by the front main entrance, which faces north, walked south through the main lobby to a flight of four stairs or steps (just west of a basement stair well) leading to a landing which was twenty inches above the level of the lobby floor. She walked up those steps, across a landing, and up a stairs which led from it to the second floor. On that floor she made a purchase, and then descended the stairs to the landing, crossed it again, and, in going down four steps from the landing to the floor of the main lobby (the steps just east of the basement stair well), she stepped upon a waxed paper lining from a crackerjack box, which lining was lying upon the second step down, fell and was injured. Attributing her fall and resulting injuries to the negligence of the defendant, she asserted in her com-

plaint that it had breached the duty owed her under the common law and under an ordinance of the City of St. Paul which required that "stairways in buildings used wholly or in part for the purpose of a department store shall be located as far apart as practicable and shall have hand rails on each side thereof." She charged that the defendant was negligent in permitting debris to accumulate upon the steps, in failing to provide a handrail on each side of the stairway, in permitting the steps to become worn and uneven, and in failing to warn her of the dangerous condition of the steps.

The defendant in its answer denied that it was in any way liable for the injuries suffered by the plaintiff. It alleged that the steps were constructed prior to January 1, 1921, in accordance with all ordinances and laws then in effect, and asserted that if the plaintiff's injuries were due to negligence, they were caused solely by her own negligence.

The plaintiff, upon the trial, failed to establish by substantial evidence that the presence of paper upon the steps was in any way attributable to any lack of reasonable care on the part of the defendant, or that the steps were in any way dangerously defective, or that, under the circumstances shown to have existed, the defendant was under an obligation to warn her of any dangerous condition. She did establish the existence of the ordinance of the City of St. Paul, adopted in 1910, which contained the provision above quoted and which was a part of what is referred to as "the Building Code". She also established that the steps upon which she fell had a handrail only to her left as she descended them. It is conceded that the ordinance imposed a duty on those operating department stores in the City of St. Paul to equip the "stairways" in their buildings with handrails on both sides, and that a breach of such duty by a department store proprietor would constitute negligence. The defendant, however, contended, and still contends, that the four steps from the main lobby floor to the landing were not a "stairway" within the meaning of the ordinance, and upon the trial it offered to prove that the Building Inspector of the City, charged with the

enforcement of the Building Code, had so interpreted the ordinance, and had approved the construction of the steps in question as being in compliance therewith. The court rejected the offer upon the ground that the ordinance was unambiguous and by its plain terms applied to the steps upon which the plaintiff fell. At the close of the evidence, there remained in the case, as made by the pleadings, only two controverted issues of fact: 1. Was the absence of a handrail to the plaintiff's right as she descended the steps the proximate cause of her fall? 2. Was she guilty of contributory negligence?

■■ The defendant contended that there was a third issue of fact made by the evidence, namely, whether the plaintiff assumed the risk; but we think that the defendant is mistaken in that regard. It is doubtful whether, under the law of Minnesota—which is here controlling—assumption of risk was an available defense in view of the fact that the negligence charged was a breach of a statutory duty.[1] But, if it be assumed that the defense of assumption of risk is available in Minnesota in an action based upon an alleged breach of a duty imposed by a statute enacted in the interest of public safety, nevertheless we think there was no substantial evidence in this case which would justify a finding that the plaintiff had any such knowledge or realization of the danger with which it is claimed she was confronted as would justify a finding that she voluntarily assumed a known and appreciated hazard, and was thereby precluded from recovering for her injuries. If it be true that the presence of papers upon the steps which the plaintiff was descending constituted a hazardous condition, so that she might only use them at her own peril, the doctrine of contributory negligence would appear to be as efficacious as that of assumption of risk.

At the close of the evidence, the defendant moved for a directed verdict upon the grounds: (1) that there was no substantial evidence of negligence; (2) that there was no substantial evidence that the failure of the defendant to furnish a handrail on each side of the steps was the proximate cause of the plaintiff's injuries; and (3) that it conclusively appeared that the

[1] See and compare, Dusha v. Virginia & Rainy Lake Co., 145 Minn. 171, 176 N.W. 482, 23 A.L.R. 632; Weber v. J. E. Barr Packing Corp., 182 Minn. 486, 234 N.W. 682; Suess v. Arrowhead Steel Products Co., 180 Minn. 21, 230 N.W. 125; Jewell v. Blanchett Inv. Co., 199 Minn. 267, 271 N.W. 461; Restatement, Torts, § 340 and comments.

plaintiff had assumed the risk and was guilty of contributory negligence. The motion for a directed verdict was denied.

The defendant then submitted requests for instructions, which included the following: "If you believe from the evidence that the injuries sustained by plaintiff were caused by her slipping on the cracker box liner in evidence, then your verdict must be for the defendant."

And: "You are instructed that it appears as a matter of law that the defendant was not responsible for the article upon which plaintiff claims to have slipped being upon the steps, and you cannot find that defendant was negligent in any way because of that article being upon the step."

Except as these requested instructions may have been included by implication in the court's charge, they were not given, and the defendant excepted to the failure of the court to give its requested instructions.

The questions which we think it is necessary to determine are:

(1) Was it error to exclude the proffered testimony of the Building Inspector of the City of St. Paul that the ordinance requiring a handrail on each side of a stairway was not intended to cover such steps as those upon which the plaintiff fell, and had not been construed as applying to such steps?

(2) Was the defendant entitled to a directed verdict upon any of the grounds relied upon?

(3) Did the court err in refusing the requested instructions above quoted?

1. It is, of course, an elementary rule that when legislation is unambiguous, there is no room for construction, and that the language used by the legislative body enacting it will be understood in its plain, ordinary and popular sense. [2] "The word 'stairway,' in ordinary language, means a flight of stairs, a series of steps ascending or descending to a different level, * * *." Peterson v. Shapiro, 171 Minn. 408, 409, 214 N.W. 269, 270. Other definitions will be found in the margin. [3] We think that

---

[2] The doctrine of construction lies wholly in the domain of ambiguity. United States v. Missouri P. R. Co., 278 U.S. 269, 277, 49 S.Ct. 133, 73 L.Ed. 322; Helvering v. Northwestern Nat. Bank & Trust Co., 8 Cir., 89 F 2d 553, 556; State ex rel. v. Iverson, 120 Minn. 247, 253, 139 N.W. 498. And ambiguity does not arise where a legislative body employs a word in common use. In such a case, the term is to be given its ordinary and accustomed meaning, in the absence of a contrary indication in the enactment or surrounding circumstances. Bates Mfg. Co. v. United States, 303 U.S. 567, 572, 58 S.Ct. 694, 82 L.Ed. 1020; Von Weise v. Commissioner, 8 Cir., 69 F.2d 439, 441; Peterson v. Shapiro, 171 Minn. 408, 409, 410, 214 N.W. 269.

[3] The Century Dictionary (copyrighted 1890–1891): "Stairway—A staircase." "Staircase—The part of a building which contains the stairs; also often used for stairs or flight of stairs. Staircases are straight or winding. The straight are technically called fliers or direct fliers." "Stair—1. A step; a degree. 2. One of a series of steps to mount by: as, a flight of stairs. 3. A flight or succession of flights of steps, arranging one behind and above the other in such a way as to afford passage from a lower to a higher level, or vice versa; as a winding stair; the back stair; often used in the plural in the same sense."

Webster's New International Dictionary (based on the International Dictionary of 1890 and 1900), copyrighted 1909, 1913; published 1921: "Stairway—A flight of stairs; staircase." "Stair—1. A step; degree. 2. Any one step of a series for ascending or descending to a different level, usually within a building. 3. A series of steps from one level to another, as in a house." "Staircase—A flight of stairs with their supporting framework, casing, balusters, etc.; strictly, but less usually, the structure containing a stair."

Funk & Wagnalls New Standard Dictionary (copyrighted 1913, 1919, 1920 and 1923, published in 1923): "Stairway—A flight of stairs; staircase." "Stair—1. A step or one of a series of steps, as of stone or wood, for mounting or descending from one level to another. 2. A series of steps leading from one level to another: in this sense usually plural. 3. A degree; stage." "Staircase—1. A flight or set of stairs, properly from one floor to another, complete with the supports, balusters, etc. Compare Escalator. 2. That part of a building containing a flight of stairs."

"When the pitch is so steep that one may conveniently grasp the sides for a handhold, the contrivance may properly be considered a ladder. But when the pitch is such that one may not conveniently grasp the sides or steps for a

the court was justified in excluding the proffered evidence relative to the interpretation and construction of the word "stairways" as used in the ordinance. The Building Inspector of the City of St. Paul was without power to amend the ordinance, and if it was the intention of the City Council, which enacted the ordinance, to restrict the meaning of the word "stairways" to long flights of steps or to stairs enclosed on each side by a wall, it should have used apt language to express that intention. Its failure so to do would tend to indicate that the word "stairways" was to be taken and understood to refer to all flights of steps, short or long, open or enclosed.

■ It is, of course, apparent that the ordinance was enacted for the benefit and safety of the members of the public rightfully within the department stores located in the City of St. Paul. Since the plaintiff was upon the steps at the implied invitation of the defendant, it is clear that she was one of the members of the class for whose benefit the ordinance was enacted, and was entitled to the protection which it was intended to afford.

■ ■ The contention of the defendant that it conclusively appeared from the evidence that the absence of the handrail to the plaintiff's right as she descended the steps was not the proximate cause of her fall, can not, we think, be sustained. Her testimony and the testimony introduced on her behalf tended to show that, because of her weight, she used a handrail in ascending and descending stairs, when available; that on the day in question, in ascending from the landing to the second floor, she used the handrail; that in descending from the second floor to the lobby floor she used the handrail to her right so long as there was a handrail available; that when she came to the steps from the landing to the lobby floor, she kept to her right, where there was no handrail available; that she saw papers and debris upon the steps, but proceeded until her foot came in contact with the waxy liner which caused her foot to slip, plunging her to the right and throwing her to the lobby floor. She testified that if there had been a handrail to her right she would have taken hold of it. In view of her testimony, and according it— as we must—all the favorable inferences which may reasonably be drawn from it, it can not, we think, be said as a matter of law that the absence of a handrail was not a proximate, contributing cause of her fall. It was not necessary for the plaintiff to prove that the violation of the ordinance was the sole proximate cause of her fall. If the presence of the liner of the crackerjack box and the absence of the handrail concurred in causing it, the defendant was liable. Miller v. Union Pacific R. Co., 290 U.S. 227, 236, 54 S.Ct. 172, 78 L.Ed. 285; First Shearman & Redfield on Negligence (6th Ed.) § 39; American Coal Co. v. De Wese, 4 Cir., 30 F.2d 349, 352, 353; Megan v. Stevens, 8 Cir., 91 F.2d 419, 423, 113 A.L.R. 992; Shuster v. Vecchi, 203 Minn. 76, 79, 279 N.W. 841; Kulla v. E. B. Crabtree Co., 203 Minn. 105, 110, 280 N.W. 16.

■ The question of proximate cause is ordinarily a question of fact for the jury. Morey v. Shenango Furnace Co., 112 Minn. 528, 530, 127 N.W. 1134; Chicago & N. W. R. Co. v. Struthers, 8 Cir., 52 F.2d 88, 91; Milwaukee & St. Paul R. Co. v. Kellogg, 94 U.S. 469, 474, 24 L.Ed. 256. It is only where, under the evidence, reasonable minds could draw but one conclusion that the question of proximate cause becomes a question of law. See: Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 377; Pitcairn v. Brandes, 6 Cir., 87 F.2d 928, 929; Paine v. Gamble Stores, Inc., 202 Minn. 462, 468, 279 N.W. 257, 116 A.L.R. 407, 411, 412; Hastings v. F. W. Woolworth Co., Inc., 189 Minn. 523, 525, 250 N.W. 362; Maher v. Duluth Yellow Cab Co., 172 Minn. 439, 441, 442, 215 N.W. 678, 679.

■ We think that, under the evidence in this case, the jury might honestly and reasonably have believed that if the defend-

---

handhold, a handrail is necessary for safety, and in such case the contrivance is a stairway." Washburn v. Skogg, 204 Wis. 29, 233 N.W. 764, 767, 235 N.W. 437.

"A stairway is not a ladder, nor a ladder a stairway. A stairway appertains to architecture. It has various technical parts consisting of risers, treads, nosings, fliers, and winders. It is stationary. A ladder is in the nature of a tool, is a frame, usually portable, of wood, metal, or rope, used for ascent or descent, consisting only of two parts, the sides and the cross-steps, or rounds, or rungs, which form the steps. One distinguishing feature between a stairway and a ladder is that a ladder has treads but no risers." Davis v. Buss Mach. Works, 169 Mich. 498, 135 N.W. 303, 304.

ant had furnished the handrails required by the City ordinance, the plaintiff would have used the one to her right and would have avoided the injuries which she sustained. After all, the purpose of having handrails upon both sides of stairways is to enable those who use the stairs to ascend and descend with safety.

■ 2. We think the question of contributory negligence was clearly for the jury. The burden of proof in that regard was upon the defendant, which asserted that the plaintiff was negligent. Forseth v. Duluth-Superior Transit Co., 202 Minn. 447, 453, 278 N.W. 904; Dunnell's Minnesota Digest, § 7032. There was nothing in the situation with which the plaintiff was confronted which would have necessarily indicated the existence of any peculiar or unusual hazard due to the presence of papers and debris upon the steps or would have charged her with knowledge that if she stepped upon any of these papers she would probably fall. She apparently was engaged in using the stairs for their intended purpose, in the same manner in which other persons at or about the same time were using them, and, while the jury might have found that, under all of the circumstances, it was negligent of her not to use the handrail which was available on her left or to adopt some other course to avoid the paper on the steps, the jury was not compelled to reach that conclusion. Like the question of proximate cause, the question of contributory negligence is ordinarily one of fact for the jury. Hampton v. Des Moines & C. I. R. Co., 8 Cir., 65 F. 2d 899, 901; Pryor v. Strawn, 8 Cir., 73 F.2d 595, 597; Phillips Petroleum Co. v. Miller, 8 Cir., 84 F.2d 148, 153; Young v. Baldwin, 8 Cir., 84 F.2d 841, 843; Cudahy Packing Co. v. McBride, 8 Cir., 92 F.2d 737, 740; Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 377; Hack v. Johnson, 201 Minn. 9, 11, 12, 275 N.W. 381.

It is our conclusion, therefore, that the court did not err in refusing to direct a verdict for the defendant.

■ 3. From the defendant's standpoint, it was a matter of vital importance that the jury should understand that the defendant was not chargeable with negligence because of the presence of the crackerjack box liner upon which the plaintiff's foot slipped, and that if her fall was attributable solely to the presence of that paper upon the steps, there could be no recovery. The defendant specifically asked for instructions covering those two points, and it was clearly the duty of the court to give those instructions, either in words or in substance. The plaintiff contends that in effect the court's charge limited the question of negligence to the absence of the handrail, and that the jury must have understood that unless the fall was the direct result, in whole or in part, of the absence of the rail, the verdict must be for the defendant.

It is to be remembered that, at the close of the evidence, there were left only two issues of fact for the jury to determine: (1) Was the absence of the handrail to the plaintiff's right a proximate cause of her fall? (2) Was the plaintiff guilty of contributory negligence? It is, at least, doubtful, in view of the language of the charge, whether the jury was advised that the question of common law negligence had been eliminated from the case. We quote the following portions of the charge:

"The cause of the accident is in sharp dispute. The plaintiff contends that her fall was caused by slipping on a paper on the steps, coupled with the fact that there was no handrail that could be used by her in descending said steps; while the defendant contends that the steps were clean, that a handrail at the east side of the steps would have been impractical and useless, and that the plaintiff could have used the handrail at the west side of said stairway.

"The basis of this action is negligence. The term 'negligence' means doing something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do under the same or similar circumstances. Negligence is the failure to exercise ordinary care. Ordinary care is that degree of care that a person of ordinary prudence would use under the same or similar circumstances. Whether a person has used ordinary care is to be determined in the light of all the facts and surrounding circumstances. The care in each case must be commensurate with the risks of the situation. In this case you should take into consideration the character of the defendant's place of business, the condition of the steps at the time and place of the accident, the character and quantity of debris, if any, that had accumulated on the steps, the failure of the defendant to provide a handrail at the east side of the steps, whether the situation that existed at the time made the premises unsafe and exposed the plaintiff to danger, and all the

other facts relative to the situation at the time, together with the disastrous consequences that might be expected to result from the lack of care on the part of both the plaintiff and the defendant.

"To prove negligence, it is not necessary to show that the defendant intended to do wrong or to injure the plaintiff. It is necessary for the plaintiff to establish three essential elements; A duty on the part of the defendant to protect the plaintiff from injury, failure of the defendant to perform that duty, and injury to the plaintiff resulting from such failure of the defendant.

"The defendant owed the plaintiff, as a customer in its store, a duty to keep and maintain its stairways and premises in a reasonably safe condition and to provide handrails as were required by the laws of the State of Minnesota and ordinances of the City of St. Paul. However, the defendant was not an insurer of the safety of the plaintiff. The fact that an accident has occurred and that damages resulted, does not of itself justify a recovery. An accident may occur where no one was to blame, or where some third party was responsible, or where the one claiming damages was at fault, and in such cases there can be no recovery."

In justice to the District Court, it must be added that it quoted the ordinance, referred to the absence of the handrail on the right-hand side of the stairway, and said: "Consequently, the important question for you to determine in considering the effect of the failure of the defendant to provide a handrail is whether its absence was, in fact, the proximate cause of the injuries to the plaintiff."

And further said: "The fact that there was not a handrail does not mean that you must find for the plaintiff. You must find that the lack of a handrail was the proximate cause of the accident, and if you find from the evidence that the failure of the defendant to provide a handrail was not the proximate cause of the injuries to the plaintiff, then your verdict must be for the defendant."

And further: "Answer this question: Was the failure of the defendant to provide a handrail on the east side of the stairway the primary cause of the accident, or was the accident caused by some intervening event. The answer to this question will point the way to a solution of the question of proximate cause."

Had the court not referred in the charge to the common law duty of the defendant, which was not an issue under the evidence, its failure to advise the jury that a verdict for the plaintiff could not be based solely upon the presence of the crackerjack box liner upon the steps would probably not have been reversible error, in view of the rest of the charge, but, since the court saw fit to tell the jury that, in considering the question of negligence, it "should take into consideration the character of the defendant's place of business, the condition of the steps at the time and place of the accident, the character and quantity of debris, if any, that had accumulated on the steps," as well as the absence of the required handrail, we think the defendant was entitled to have the jury also advised that it could in no event hold the defendant responsible for the presence of the crackerjack box liner upon the steps, and that if the plaintiff's fall was solely attributable to the presence of the liner their verdict must be for the defendant. Our conclusion is that the failure of the court in this regard entitles the defendant to a new trial.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.