

4

Philip F. Sherman, Asst. Atty. Gen., of Minnesota, and Faner C. Wonderly, Sp. Asst. Atty. Gen., of Minnesota, for plaintiff.

Berryman Green, Sp. Asst. to the U. S. Atty. Gen., and Linus J. Hammond, Asst. U. S. Atty., of St. Paul, Minn., for defendants.

SULLIVAN, District Judge.

This suit is brought by the State of Minnesota against the Commanding Officer and the Post Exchange Officer of the Fort Snelling Military Reservation, and the Fort Snelling Post Exchange, to recover from said defendants the amount of the tax levied and imposed under the provisions of Chapter 297 of the Minnesota Laws of 1925 as amended, Mason's Minn. St.Supp.1940, Sections 2720-70 et seq., upon all motor fuel sold by and through the Fort Snelling Post Exchange, from and after June 16, 1936, which was not for the exclusive use of the United States, and which taxes said defendants have collected on that account, and which amount is now in the possession of and under the control of the defendants.

The Fort Snelling Post Exchange is located on the Fort Snelling Military Reservation, the lands of which were ceded to the United States by the State of Minnesota in 1889, without any reservation on the part of the State in relation to the imposition of taxes by the State or it subdivisions.

The defendants have moved to dismiss the claim of the plaintiff. The question presented is whether the United States has given its consent to the imposition and collection of taxes of the character and type imposed by the State of Minnesota upon gasoline and motor vehicle fuels.

The pertinent portions of Section 10 of the Act of June 16, 1936, Chapter 582, 49 Stat. 1519, 4 U.S.C.A. § 12, commonly called the Hayden-Cartwright Act, read as follows: "Sec. 10. (a) That all taxes levied by any State * * * upon sales of gasoline and other motor vehicle fuels may be levied, in the same manner and to the same extent, upon such fuels when sold by or through post exchanges, * * * located on United States military or other

reservations, when such fuels are not for the exclusive use of the United States. * * *"

The pertinent portions of the Minnesota statutes, Mason, 1927, as amended, are:

"2720-71. There is hereby imposed an excise tax of four cents per gallon on all gasoline used in producing or generating power for propelling motor vehicles used on the public highways of this state. * * *

"2720-78. All gasoline * * * brought into this state shall be deemed to be intended for use in motor vehicles in this state, and every person who pays the tax imposed by this act shall be deemed to have paid the same for and on behalf of the person using such gasoline in motor vehicles in this state. * * *".

It is the State's contention that by reason of the Hayden-Cartwright Act it is authorized by the Congress of the United States to impose and collect its tax on motor fuels sold at the Post Exchange at Fort Snelling Military Reservation, excluding, however, such motor fuels as were for the exclusive use of the United States. The State, in its brief, concedes that the tax "is imposed on the consumer for the privilege of using the highways of the state", and then states that the tax "is paid by the consumer upon the sale to him of gasoline," and argues that the Minnesota tax on motor fuels is a "sales tax" within the purview of the Hayden-Cartwright Act.

■ The plain intendment of the Minnesota statute is the imposition of a tax upon all gasoline "used in producing or generating power for propelling motor vehicles used on the public highways of" that State. Section 2720-71 of the Minnesota law defines the tax. The provisions which follow in the Minnesota act merely provide the details and mechanics of its collection and payment.

■ The plaintiff makes the contention that there is no sharp line of demarcation between "privilege taxes" and taxes upon, or measured by, sales. With this statement ·I am unable to agree.

It may in a very general way be stated that a "use" or "privilege" tax is a tax imposed upon property when such property is put to use in the manner contemplated by a given taxing act. A "use" tax pre-

supposes ownership, that is, a prior purchase of the property.

"The privilege of use is only one attribute, among many, of the bundle of privileges that make up property or ownership." Henneford v. Silas Mason Company, 300 U.S. 577, at page 582, 57 S.Ct. 524, at page 526, 81 L.Ed. 814.

On the other hand, a "sales" tax is one imposed upon property at the time of a sale thereof, and the amount of the tax may be fixed in the taxing statute by different formulae.

See Panhandle Oil Company v. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, 56 A.L.R. 583.

Counsel have not pointed out, nor have I found any decision of the Minnesota courts passing upon the question of whether the Minnesota tax on motor fuels is a "sales" tax, or a "use" or "privilege" tax, but it seems clear to me that the Minnesota tax is not a "sales" tax, as the term is generally understood and accepted.

The mechanics of the collection and payment of·the tax need not be considered in determining its true character, since the tax is plainly defined and characterized in the taxing section of the Minnesota law. Irrespective of the character of the tax, the burden thereof on consumers, in this case it being the use of gasoline, is invariably borne chiefly by the consumers or users of the commodity affected.

■ The Fort Snelling Military Reservation, while in the territorial confines of the State of Minnesota, is, by virtue of its cession to the United States, wholly without jurisdiction of the taxing authority of the State, save and except as the Congress has passed, and may from time to time pass, acts consenting to certain types of taxation on property situate or located within and upon the said military reservation.

■ If the tax imposed on gasoline by the State of Minnesota and here sought to be collected is valid, consent to the same by the United States must be found in the Hayden-Cartwright Act, and the validity of the tax depends on the consent, if any, given by Congress to its imposition and collection. Property on military reservations of the United States is not subject to tax by state taxing authorities except upon the express consent of the United

6

States, save in those cases where the cession act reserves the taxing power in the state, but that is not the case here. The United States' consent to such a tax can be expressed only by a statute. Such a statute should be strictly construed, and the state taxing authority cannot go beyond the letter of such consent. Compare the rule in statutes authorizing suit against the United States. United States v. Turner, 8 Cir., 47 F.2d 86, on page 87. Restriction of the power of government by the creation of private rights. Reichelderfer et al. v. Quinn et al., 287 U.S. 315, on page 321, 53 S.Ct. 177, 77 L.Ed. 331, 83 A.L.R. 1429.

The rule is well established that where a statute is free from ambiguity, courts are barred from exploring the realms of construction, and that any construction or interpretation of the statute, save that which is "the plain, obvious and rational meaning of the statute" (Lynch v. Alworth-Stephens, 267 U.S. 364, at page 370, 45 S.Ct. 274, at page 276, 69 L.Ed. 660), is forbidden.

The popular and accepted meaning of the import of words used by the legislature must be followed and heeded by the courts. Montgomery Ward & Co. v. Snuggins, 8 Cir., 103 F.2d 458. The foregoing rules are applicable to taxing statutes. DeGanay v. Lederer, 250 U.S. 376, 381, 39 S.Ct. 524, 63 L.Ed. 1042.

That the Hayden-Cartwright Act consented only to the imposition and collection of "sales" taxes by states on motor fuels sold on government military reservations is significantly demonstrated by its amendment (Public No. 819—76th Congress, 54 Stat. 1059, § 7, which became effective on October 9, 1940), wherein Subsection (a) of Section 10 of the Hayden-Cartwright Act was amended to read as follows:

"(1) By striking out the words 'upon sales of gasoline and other motor vehicle fuels' and inserting in lieu thereof the words 'upon, with respect to, or measured by, sales, purchases, storage, or use of gasoline or other motor vehicle fuels'; and

"(2) By striking out the words 'upon such fuels' and inserting in lieu thereof the words 'with respect to such fuels.'"

If there could be any doubt as to what the Congress intended by the Hayden-Cartwright Act, and as to what type or character of taxes it consented might be imposed on motor fuels sold on government military reservations, the same is dispelled by the enactment and passage of the amendment to said act. See Farmers' & Mechanics' National Bank v. Dearing, 91 U.S. 29, at page 36, 23 L.Ed. 196.

The reasons for the foregoing amendment are clearly stated in the report of the Committee on Finance, to which the bill was referred (Report No. 1625—Senate, 76th Congress, 3rd Session, Calendar No. 1692). Section 7(a) thereof reads as follows: Section 7(a) of the committee amendment amends section 10 of the Hayden-Cartwright Act so that the authority granted to the States by such section 10 will more nearly conform to the authority granted to them under section 1 of this act. At the present time a State such as Illinois, which has a so-called gallonage tax on gasoline based upon the privilege of using the highways in that State, is prevented from levying such tax under the Hayden-Cartwright Act because it is not a tax upon the "sale" of gasoline. The amendments recommended by your committee will correct this obvious inequity and will permit the levying of any such tax which is levied "upon, with respect to, or measured by, sales, purchases, storage, or use of gasoline or other motor vehicle fuels".

It is my opinion that the United States consented to the imposition and collection of "sales" taxes on motor fuels, and to such taxes only. It did not consent to the imposition of "use" or "privilege" taxes.

It is my conclusion that the original Hayden-Cartwright Act does not constitute a consent by the United States to the imposition and collection of the Minnesota motor fuel tax.

The motion of the defendants to dismiss is hereby in all things granted.