VAN ARSDALE v. OLYMPIA, INCORPORATED.

1. NEGLIGENCE—STAIRWAY IN AUDITORIUM—INSPECTION—EVIDENCE.
   In action by school teacher for injuries sustained when she fell while on an exit stairway from defendant's auditorium after attending graduation exercises held at night, it was not error to permit a city building inspector who had inspected the premises 34 days previously to answer question as to whether or not he would have found any holes in the stairway where previously he had testified as to when his inspection was made and that it revealed no defects.

2. SAME—STAIRWAY—LIGHTING—INSTRUCTION—REQUEST TO CHARGE.
   Failure to give requested instruction that insufficient lighting of stairway leading from defendant's large auditorium was an added assurance that the stairway was reasonably safe to use was not error where instruction relative to lighting was ample.

3. SAME—STAIRWAY—INSTRUCTIONS—REQUEST TO CHARGE.
   In action by school teacher for injuries sustained when she fell on an exit stairway when leaving graduation exercises in defendant's large auditorium, failure to give instructions relating to the condition of the stairway and defendant's duty to provide a safe place for guests using the stairway was not error where instructions as given properly presented the issues of fact to the jury.

4. THEATERS AND SHOWS—INSTRUCTIONS—ACCIDENT.
   In action for damages because of injuries sustained by plaintiff when she fell on exit stairway when leaving defendant's large auditorium, portion of instruction that no recovery could be had if plaintiff just slipped accidentally was proper.

5. APPEAL AND ERROR—INSTRUCTIONS—HARMLESS ERROR.
   Portion of instruction that plaintiff was "not entitled to mulct this company (defendant) in any damages" in case plaintiff slipped on stairway accidentally *held*, at most, harmless error in her action for personal injuries.

For liability of possessor of land for dangerous condition of premises, see 2 Restatement, Torts, §§ 342, 343.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 5, 1945. (Docket No. 48, Calendar No. 42,782.) Decided February 20, 1945.

Case by Olivia Van Arsdale against Olympia, Incorporated, a Michigan corporation, for personal injuries sustained when she fell on a stairway upon defendant's premises. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Raymond P. Baubie* (*Crawford S. Reilley,* of counsel), for plaintiff.

*Knight & Panzer,* for defendant.

SHARPE, J. This is an action to recover damages arising out of an injury suffered by plaintiff on June 11, 1942, while a guest at the Olympia stadium in the city of Detroit. The stadium is a large building with a seating capacity of 11,000 people and is used for sports, conventions, and a meeting place for large groups of people.

On the night in question, plaintiff, a school teacher, with her friend, another woman school teacher, attended the commencement exercises at the stadium. They arrived about 8 p.m., and were directed to go to the balcony. They stayed until the end of the exercises and as they were leaving they were directed to retire by another exit. The first stairway of this exit contained 14 steps, then there was a left turn and a platform. As plaintiff reached the first platform there were people ahead of her and behind her. In the second series of steps, there were 11 steps to a landing and from there on there were seven steps and a platform. As plaintiff was descending the series of seven steps and while on

the third or fourth step she fell and severely injured her right leg.

It is the claim of plaintiff that the stairway where she was injured was dangerously constructed with treads too narrow for safety and with steps varying in height; and that at the time of her injury, the stairway was unguarded and inadequately lighted.

The cause came on for trial before a jury regularly impaneled. Plaintiff testified that she came down the left side of the stairway with one hand on the left rail; that there were three dim lights; that as she walked down the series of seven steps she felt an irregularity in the steps; that subsequently she measured the steps in the series of seven steps and found that the height of the first step varied from $8\frac{3}{16}$ to $8\frac{1}{2}$ inches, the second step varied from $7\frac{3}{16}$ to $7\frac{11}{16}$ inches, the third step varied from $7\frac{5}{16}$ to $7\frac{3}{16}$ inches, and the fourth step varied from $7\frac{1}{2}$ to $7\frac{11}{16}$ inches; and that the width of the first step varied from 8 to $8\frac{1}{2}$ inches, the second step varied from $9\frac{1}{4}$ to $9\frac{1}{2}$ inches, the third step varied from $9\frac{1}{4}$ to $9\frac{1}{2}$ inches, and the fourth step varied from $9\frac{3}{4}$ to 10 inches.

The defense produced one O. V. May, an inspector for the department of building and safety engineering for the city of Detroit, who testified that on May 8, 1942, he inspected the stairways in the building and found no defective condition; that he found no holes in the steps; and that if there had been any such holes he would have noted that fact down.

On the question of lighting the stairway, the trial court instructed the jury as follows:

"Now there is some claim here—and one ground of negligence is that the staircase in question was improperly lighted. You have heard the testimony here, and in regard to the lighting conditions that

obtained at that time it was the duty of the defendant to light that staircase reasonably and to furnish such light as a person of ordinary prudence would have furnished under the circumstances that obtained that night.  And one of the circumstances that existed that night was that there was almost if not quite a capacity crowd and that the upper balcony was occupied almost if not quite completely.  The amount of light and the location of light that it was the duty of Olympia to furnish was the amount and location of illumination that a reasonably prudent man would have furnished in the handling of a crowd that was as large as the crowd that was there that night.  If the defendant company lighted that staircase as well as a reasonably prudent man would have lighted it that night then, no negligence in regard to the lighting can be charged as against it.  If, on the other hand, the testimony affirmatively shows that the defendant failed to furnish sufficient lighting then you as members of the jury are at liberty to base a conclusion that it was negligent upon that state of facts.  The burden rests upon the plaintiff to prove to you by testimony that the staircase was not adequately lighted.  So much for the light."

On the question of the defective stairway, the trial court charged the jury as follows:

"There is also some contention here, I think, that the stairs themselves were inadequate and improper in that they were too steep.  Now, again, it was the duty of the defendant to furnish people coming down out of the balcony with a staircase that was reasonably safe for the use of people that were in the balcony.  There is not any definite standard or test as to what kind of a staircase the defendant company was bound to build.  There is not any test that will enable—that would enable me to say as a matter of law, 'Now these risers were of a certain height, these steps were of a certain width, and, be-

cause of those dimensions, the risers were too high in proportion to the width of the steps, or the steps themselves were too narrow to adequately accommodate the people coming down.' That cannot be determined as a matter of law. I cannot say to you as a matter of law that if a staircase is inclined at an angle of 45 degrees from the horizontal that that is either an unsafe or a safe angle of inclination. As a matter of fact, calculation will show that the angle of inclination of those stairs instead of being 45 degrees with the horizontal would be about 34 degrees because the width of the steps bore that proportion to the height of the risers that would give you an angle of about 34 degrees.

"Now it is for you to determine whether the construction of the staircase, so far as the height of the risers and the width of the steps themselves and the proportion between the height and the width, were proper under all the circumstances or were not proper under all the circumstances. If the staircase was steeper than a staircase would have been built to handle these graduates under those circumstances by a reasonably prudent man then that is a condition upon which you would be justified in predicating a charge of negligence based upon that point. We have testimony here to the effect that at the time when the building was built the staircases conformed completely to the requirements of the Detroit building code. That is evidence from which you would be entitled to conclude that the staircase complied with the requirements of a reasonable care insofar as the height and width of the steps and the angle of inclination were concerned. It is not conclusive or binding upon you. It is quite possible that a staircase which was at that time in compliance with the city ordinance still would be a staircase that would not be of the construction that would be adopted by a reasonably prudent person to accommodate those graduates that were going to use that staircase. So, again, if you find that the staircase

was not the kind that would have been built by a reasonably prudent man, that is something from which you can conclude there was negligence in the construction.

"On the other hand, the testimony is equally open to the conclusion and it is equally possible for you to find that there is no evidence to show that the staircase in and of itself on account of the dimensions of the steps and its angle of inclination was negligent. That is a matter which is purely for you to decide.

"There is some testimony here that at some time later than the time when this accident took place there were some small inequalities in the surface of the steps. There was something said at the opening of the case to the effect that the metal facing at the toe of the steps had become loosened and worn, and that the plaintiff caught her foot upon that metal facing. I will say to you as a matter of law that there is no testimony in the case from which that claim of negligence can be substantiated. There is no testimony in the case that any of those metal facings had become loosened. There is some testimony that they had become worn below the surface of the step, of the steps themselves, of the tread. But there is no testimony, and in fact the testimony of the plaintiff herself is positive and direct to the point that she did not see any metal facings which were above the surface of the steps. So no ground, no charge of negligence can be predicated upon the condition of the metal facings.

"There is some testimony of some slight inequalities on the steps themselves. That testimony is based upon an examination which was made by the plaintiff some months after the time when she fell and was hurt. I think the utmost claim under her testimony would be that the maximum size of any of the inequalities that she [measured?] would be from 2 to 3 inches in length and from ⅛ to possible ¼ of an inch in depth. That is the maximum size,

under the testimony, of any inequalities in the tread. I think that is extremely slight evidence upon which to base any ground of negligence, but I leave it to you whether or not any negligence can be predicated as against this company because of the existence of any such inequality as that.     *     *     *

"Now there is some argument made in this case and some claim made in this case that the steps were too narrow, that they were narrower than her feet are long. And her testimony is to the effect that there were some slight inequalities in the height of the risers. Now as to that last point, I do not think any claim of recovery can be based upon that in this case because her testimony is that she was injured on the fourth step. Her testimony as to the height of the risers, when she measured them, as between the fourth and fifth steps, was that the descent from the third step to the fourth step was about 7½ inches, and the descent from the fourth step to the fifth step was about 7¼ inches, and the descent from the third step to the fourth step ranged from 7⁵⁄₁₆ to 7⁸⁄₁₆ inches. I do not think that with measurements as slight as that that any claim of negligence can be predicated upon any inequality in the height of the steps such as that. One-eighth and one-sixteenth are matters that are not normally such as to interfere with people as young and healthy and in as full possession of their faculties as she is in their negotiation of staircases or sidewalks.

"Now, as to the width of the steps. You probably may not have made any notes of the widths of the steps, but here are the variations in the steps at the center. I will give you the center measurements. The top step, number one step of these seven steps, was 8½ inches from the front to back on that flight of seven steps. Number two step was 9½ inches from front to back. Number three step was 9½ inches from front to back. And number four step was 9¾ inches from front to back. So that after she got down from the first step to the second step

in the next three steps there is a variation of only ¼ of an inch in the widths of those steps. And again, I think, as a matter of law that that variation is too slight to allow the predication of any negligence cased thereon. Staircases which are used, in the way these staircases are, are, after all, as a matter of practical knowledge, subject to wear. When a good many thousand people are passing over staircases, no matter how solidly they are constructed, eventually there will be some wear and some inequality will appear. But where the inequality is as slight as it is here and a variation of only a quarter of an inch in the width of a step as between three steps in the immediate vicinity of the place where this accident occurred, I do not think any claim of negligence can be predicated upon that. Now that does not exhaust that subject as to the proper construction of the stairs in that regard and as to the existence of any possibility of contributory negligence upon the plaintiff's part in using those stairs. She had gone down quite a number of flights of steps. She had gone down one series of steps with 14 steps in it. Then that went to a landing. Then she went down another flight of 11 steps to a landing. And then there was a flight of 7 steps and she was hurt on the fourth step of that flight of 7 steps. Now she had had time enough in going down those stairs so that she had acquainted herself, on her testimony, with the slight inequalities in the risers, the slight inequalities in the widths of the steps, and she testified here that she was exercising care because she felt that care was needed on account of those very things. Now the question is, under those circumstances, did she handle herself with all the care that a person of her age and her physical capacities and her physical size, and so on, would have exercised, ordinary person would have exercised under those circumstances as they appeared at the time? If she went down the stairs as carefully as an ordinarily cautious person would

have gone she cannot have any contributory negligence predicated as against her under the circumstances. She had a right to go down the stairs. She was directed to go down the stairs, so she was rightfully there. She had the duty to go down them carefully and if she went down as carefully as an ordinarily prudent person would have done then she has exercised her full duty, she has performed her full duty under the circumstances to be careful in the use of this defendant company's stairs. The final upshot of it is, if you find affirmatively that the defendant company was negligent because of the construction of the staircase or was negligent because of the lighting of the staircase, and if you find that the plaintiff's fall was the proximate or immediate result of the negligence of the defendant company in one or the other or both of these particulars, and if you find that the plaintiff herself has been proven by the testimony to have been free of any negligence on her part that contributed to her injury, then you come to the question of damages, the consideration of the question of damages. Let me finally caution you by saying that if this was an accident, if she just slipped accidentally, she is not entitled to mulct this company in any damages. She is only entitled to recover damages from them if they have failed to perform a duty either in the construction of the staircase in a faulty manner or in failure to properly light the staircase. But if her foot simply slipped accidentally on one of those stairs and if the heel of her shoe was caught on the edge of the stairs, for example, and it actually happened merely as an accident, she cannot recover damages from this company for the mere happening of an accident.''

The jury returned a verdict of no cause of action. Plaintiff appeals and urges that the trial court was in error in permitting defendant's witness O. V. May to answer the question: ''If there were any

(holes), would you have made a note of it in the ordinary course of business?'' The record shows that this witness testified that on May 8, 1942, he made an inspection of the stairway in question and found no defects therein; that he made records of all such inspections; and that in making inspections he would note any defects that he found in the objects inspected. His answer, to the question objected to, that he would have made a note of any defects implies that no defects existed on the date of inspection. There was no error in permitting the witness to answer as he had already testified that the inspection of May 8, 1942, revealed no defects.

Plaintiff urges that the court was in error in failing to give the following charge:

''If it appears in this case that the stairway was insufficiently lighted, this may be considered by you as an added assurance to plaintiff that the stairway was reasonably safe to use.''

This requested charge relates to the duty of defendant to properly light the stairway. The charge given by the trial court on this question was ample.

Plaintiff also urges that the trial court was in error in failing to give the following requested instructions:

''It is also the further claim of plaintiff that the stairway was improperly and dangerously constructed to provide for safety of the large number of persons attending and using said building and stairway; that the stairway was precipitously, sheerly and dangerously constructed with treads or steps too narrow for safety; not constructed with uniform steps; that they varied in height and width and that by reason thereof and the crowd of people surrounding her and pushing her forward in their effort to leave said building plaintiff, in the exercise of due care in using the same, fell and was injured and has

instituted suit to recover damages from said defendant for the injuries suffered by her, including permanent injuries, pain and suffering, expenses incurred by her, et cetera, in relation thereto."

"It appears by the testimony in this cause that defendant's building was a place of amusement and a place to which the public is invited and it is the law that defendant was required to put and keep the premises and appliances in a reasonably safe condition for persons attending and if defendant failed to perform its duty in this regard and plaintiff is injured in consequence thereof and is not guilty of contributory negligence, she is entitled to recover for the injury sustained."

"You are also further instructed that it was the duty of defendant because of the large number of persons attending its building to use reasonable care in its maintenance and while it is not a warrantor or an insurer that it is absolutely safe, defendant impliedly warranted that it was safe for the purpose intended."

"You are further instructed in this regard as in the last paragraph stated that defendant was not a warrantor or insurer that said stairway in question was absolutely safe, it impliedly warranted that it was safe for the purpose intended save only as to those defects which are unseen, unknown and undiscoverable—not only unknown to itself but undiscoverable by the exercise of any skill or diligence or by ordinary and reasonable means of inquiry and examination."

"It is the claim of plaintiff that she was directed by defendant's usher in leaving the building to use Exit No. 7 and by reason thereof she was not called upon to apprehend that the path contained an unsafe place of pitfall or the like, yet such is claimed to be the condition of the stairway which she was directed to use and it is said that in a building

where the public are invited it is not reasonable to expect that the same degree of attention on the part of the plaintiff should be bestowed on the placing of the feet as would be properly required upon a public highway.

"The duty of a person in a theater where he or she has been invited is lighter than that resting upon one passing along upon the public streets."

The requested instructions relate to the condition of the stairway and the duty of defendant to provide a safe place for guests using the stairway. We have carefully examined the instructions given the jury by the court and conclude that the charge as a whole properly presented the issues of fact to the jury.

It is also urged that the court was in error in stating in his charge to the jury the following:

"Let me finally caution you by saying that if this was an accident, if she just slipped accidentally, she is not entitled to mulct this company in any damages."

That part of the instruction relating to an accident was proper, see *Davis* v. *Buss Machine Works,* 169 Mich. 498. The remaining part of the above instruction is at most a harmless error.

We approve the ruling of the trial court in denying the motion for a new trial.

The judgment is affirmed, with costs to defendant.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.