## BROWN v. BERLES.

1. NEGLIGENCE — QUESTION OF PLAINTIFF'S CONTRIBUTORY NEGLI-
   GENCE DOES NOT ARISE UNTIL DEFENDANT'S NEGLIGENCE APPEARS.
   In an action for personal injuries based on the alleged negligence of the defendant, the question of the contributory negligence of the plaintiff does not arise until defendant's negligence appears.[1]

2. SAME—FAILURE TO LIGHT STAIRWAY NOT NEGLIGENCE.
   Failure of the owner of a restaurant to light a stairway leading to a toilet in the basement, *held*, not to constitute negligence rendering him liable to a customer who fell down the stairs and was injured.[2]    BIRD, C. J., and CLARK and McDONALD, JJ., dissenting.

Error to Calhoun; North (Walter H.), J.    Submitted October 20, 1925.    (Docket No. 113.)    Decided April 14, 1926.    Rehearing denied June 7, 1926.

Case by Annis Brown against Theodore Berles, doing business as the Olympic Self Serve Lunch, for personal injuries.    Judgment for defendant *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

[1]Negligence, 29 Cyc. p. 506; [2]Id., 29 Cyc. p. 470.

234—Mich.—23.

*Albert D. Wing* and *Arthur E. Leckner,* for appellant.

*Emil E. Storkan* and *Burritt Hamilton,* for appellee.

McDONALD, J. (*dissenting*).    This action was brought to recover damages for personal injuries received in falling down a stairway in the defendant's restaurant.    The declaration alleges negligence on the part of the defendant, in that he did not keep the stairway lighted, that he did not maintain a railing along the side of the stairway, and that it was defectively constructed, the first step down being immediately inside of the door between the restaurant and the stairway.    The issue involved the negligence of the defendant and the contributory negligence of the plaintiff.    Both of these questions were submitted to the jury.    The plaintiff recovered a verdict for $1,000.    Notwithstanding this verdict the trial court entered a judgment for the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law.    Whether he erred in so doing is the only question presented by the record.

It appears by the plaintiff's testimony that she is a married woman, 63 years of age.    On the day of the accident, accompanied by her husband she went into the defendant's restaurant for lunch.    While waiting to be served she inquired for the ladies' toilet and was directed by an employee of the defendant to a door opening upon a stairway which led to the basement.    She testified:

"Well, I went to that door and when I took hold of the knob it opened a little and I see it dark in there and I just thought I would turn around and find the switch and in turning around there was no platform or anything there and my foot went down and that overbalanced me.    *    *    *    I didn't see any stairway.    I didn't see a thing in sight.

"*Q.* Couldn't you see in the dark?

"*A*. No, I couldn't see anything.    I didn't see a thing.

"*Q*. Because it was dark in there?

"*A*. It sure was.   *   *   *

"*Q*. It is clear then from your testimony that when you opened the door it was pitch dark in there?

"*A*. Yes."

In view of this testimony, which under the circumstances must be taken as true, the trial court was in error in holding that the plaintiff stepped off into the dark space without taking any precaution to determine whether the stairway ascended or descended.   There is no uncertainty in her testimony as to what caused her fall.    She says that when she opened the door she was unable to see her way because of the darkness; that with her hand on the knob she turned on the threshold, and as she was turning her foot slipped; that she lost her balance and fell down the stairway. These facts and the conflicting claims in regard to the lights and surrounding conditions made the plaintiff's contributory negligence a question for the jury. It was therefore error for the court to enter the judgment *non obstante veredicto*.

The cause should be remanded to the circuit court that judgment may be entered for the plaintiff on the verdict.    The plaintiff should have costs.

BIRD, C. J., and CLARK, J., concurred with McDONALD, J.

WIEST, J.   The opinion of Justice McDONALD does not touch the question of the negligence of defendant. The contributory negligence of plaintiff does not arise until defendant's negligence appears.    I have given the subject of defendant's negligence thought and examination, have been unable to find satisfactory adjudications, and have reached the conclusion that mere want of a light in the stairway did not constitute negligence rendering defendant liable to one falling

down the stairs.      There was no defect in the stairway.      It is common in private homes, especially in the country, to have dark stairways to cellars and basements and no one ever considered such a want of care.      If defendant was guilty of negligence, then plaintiff's contributory negligence was a question for the jury.

The judgment is affirmed.

SHARPE, STEERE, and FELLOWS, JJ., concurred with WIEST, J.

Justice MOORE took no part in this decision.