GARRETT v. W. S. BUTTERFIELD THEATRES, INC.

1. Negligence—Different Floor Levels.

Different floor levels in private and public buildings, connected by steps, are so common that possibility of their presence is anticipated by prudent persons, and therefore such construction is not negligent unless, by its character, location, or surrounding conditions, reasonably prudent person would not be likely to expect step or see it.

2. Same—Theatres and Shows.

Construction of floor in toilet room in theatre four and one-half inches below floor in lounge room, from which it was separated by door, was not negligence so as to render proprietor liable to elderly woman patron who fell at step and was injured, where toilet room was well lighted, and situation contained no element of trap.

As to liability of one maintaining place of amusement for the safety of patrons, see annotation in 1 L. R. A. (N. S.) 427; 3 L. R. A. (N. S.) 1132; 19 L. R. A. (N. S.) 772; 32 L. R. A. (N. S.) 713; 42 L. R. A. (N. S.) 1071; L. R. A. 1915F, 690; 22 A. L. R. 610; 29 A. L. R. 29; 44 A. L. R. 203; 53 A. L. R. 855; 61 A. L. R. 1289.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 7, 1932. (Docket No. 42, Calendar No. 36,705.) Decided January 3, 1933. Rehearing denied March 2, 1933.

Case by May Garrett against W. S. Butterfield Theatres, Inc., a Michigan corporation, for personal injuries sustained while a patron of defendant's theatre alleged to be due to failure to warn of dangerous condition of the premises. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Glenn R. Faling,* for plaintiff.

*Marvin J. Schaberg* and *William E. Vaughan,* for defendant.

FEAD, J. Plaintiff, 70 years old, attended defendant's theatre with Mrs. Nelson. They went through the ladies' lounge, a dimly lighted room, to the toilet room, in the floor of which was a step down of four and one-half inches. Mrs. Nelson opened the door, plaintiff went through, fell at the step, and was injured. She had judgment for damages.

The door of the toilet room swung into the lounge. The floor level of the lounge continued into the toilet room about nine inches beyond the door casing. This space was covered with a tile slab of pinkish hue. The floor proper consisted of tile blocks about eight inches square, set diagonally to the line of the step and alternating pink and gray or buff. The toilet room was well or brightly lighted. There were no structural defects in the floor or step.

Different floor levels in private and public buildings, connected by steps, are so common that the possibility of their presence is anticipated by prudent persons. The construction is not negligent

unless, by its character, location, or surrounding conditions, a reasonably prudent person would not be likely to expect a step or see it. *Brown* v. *Berles,* 234 Mich. 353; *Albachten* v. *Golden Rule,* 135 Minn. 381 (160 N. W. 1012); *Ware* v. *Evangelical Baptist, etc., Society,* 181 Mass. 285 (63 N. E. 885); *Johnson* v. *Desmond,* 165 N. Y. Supp. 290; *Main* v. *Lehman,* 294 Mo. 579 (243 S. W. 91).

Argument is made that the dim lighting of the lounge contrasted with the bright lighting in the toilet room and the color scheme of the toilet floor had such effect upon the visibility of the step as to render the question of negligence in maintaining it for the jury.

Toilets are frequently put in left-over spaces and have vagaries of construction. The door was a warning that there might be a difference in floor levels. The act of opening the door towards him would require a person to pause long enough to have ample opportunity to see the step. The situation contained no element of a trap. A reasonably prudent person, watching where he was going, would have seen the step. Defendant is not under legal duty to prevent careless persons from hurting themselves. We think defendant was not guilty of negligence. Defendant's motion *non obstante veredicto* should have been granted.

Reversed, without new trial, and with costs.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.