## BOYLE v. PREKETES.

1. APPEAL AND ERROR—DIRECTED VERDICT.

In reviewing judgment for defendant on directed verdict, Supreme Court must construe testimony most favorably to plaintiff.

2. NEGLIGENCE—DIFFERENT FLOOR LEVELS—STEPS—WARNING.
   If store building was properly lighted, proprietors were not required to give warning of steps connecting different floor levels, since steps themselves constituted effective warning.

3. SAME—CONTRIBUTORY NEGLIGENCE—DISTRACTING CUSTOMER'S ATTENTION.
   That merchandise was attractively displayed, distracting customer's attention, would not lessen degree of care she is required to exercise to guard against falling down steps connecting different floor levels.

4. SAME—CONCEALED DANGER.
   In action for injuries received by customer in falling down steps connecting different floor levels in defendants' store, allegation of declaration that said steps constituted "concealed danger," held, not sustained by testimony.

5. SAME—LIGHTING STEPS.
   Holding of trial court that steps connecting different floor levels, down which customer fell, were adequately lighted, held, justified by record.

6. SAME—FALLING DOWN STAIRS.
   Falling down stairs, where mishap is not imputed to unknown or concealed defects, belongs to that class of ordinary accidents which ought to be imputed to carelessness or misfortune of sufferer.

7. SAME—STORE BUILDINGS—DIFFERENT FLOOR LEVELS.
   That store building has different floor levels connected by steps does not constitute negligent construction, unless by its character, location, or surrounding conditions, reasonably prudent person would not be likely to expect steps or to see them.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 6, 1933. (Docket No. 49, Calendar No. 36,812.) Decided April 4, 1933.

Case by Edith M. Boyle against Charles Preketes and others for personal injuries sustained while on defendants' premises as a customer and alleged to have been due to "concealed dangers." Directed

verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Burke & Burke,* for plaintiff.

*Vandeveer & Vandeveer,* for defendants.

North, J. The defendants conduct a candy store and restaurant in the city of Ann Arbor. Plaintiff, 64 years of age, with a lady companion entered defendants' place of business about noon on the 29th of August, 1931, for the purpose of securing their noonday lunch. The premises occupied by defendants' business consisted of what was formerly two store rooms of about equal width, the dividing partition having been removed. There was an entrance at the front of each store. Plaintiff and her companion entered at the more southerly door. Immediately at their right as they entered was a soda fountain, and to their left a show case extending along the dividing line between the two store rooms. At the rear of each room were booths equipped for serving defendants' customers. Approximately 30 feet from the entrance was a space left open between the show case nearer the front and the booths at the rear as a passageway from one part of the store to the other. There was a difference in floor levels, the floor of the northerly portion being lower than the floor of the part through which plaintiff entered. In the passageway, which was five feet wide, a step was constructed of ample width and of a height which substantially divided in equal proportions the difference in the levels of the two floors. The riser of the lower step was 6¾ inches, and the other 5⅜ inches. Plaintiff and her companion decided to go to the northerly portion of the restaurant, and when doing so plaintiff failed to see the steps,

fell, and was rather severely injured. She brought this suit for damages, and at the conclusion of her proofs the circuit judge directed the jury to render a verdict in favor of the defendants. From the judgment entered on the verdict, plaintiff has appealed.

It is appellant's claim that the record presented an issue of fact for determination of the jury both as to defendants' negligence and as to the contributory negligence of plaintiff. In reviewing the question presented, we must construe the testimony most favorably to appellant. The negligence charged to defendants is their failure to maintain sufficient notice or warnings to apprise their customers of the difference in the floor levels in the two portions of their premises; and the failure to maintain sufficient artificial lighting to properly illuminate the passageway and the steps; and also:

"It became the further duty of the defendants not to maintain attractive show-cases so displaying the goods, wares, and merchandise on sale by the defendants in such a manner as to distract the attention of customers rightfully on said premises at the points where said premises became more dangerous by reason of steps and changes in floor levels."

If defendants' premises were properly lighted, they were not required to post warnings of the steps between the two portions of their place of business. If the place was sufficiently lighted the steps themselves constituted as effective notice to defendants' customers as it was possible to give.

Touching plaintiff's claim that her attention was distracted by the display of defendants' wares, it may be said that there was nothing unusual as to the manner or character of the display. We find nothing in this record which would justify the claim,

at least made inferentially in behalf of appellant, that the display of the merchandise here kept for sale because of its attractive nature can be held to lessen the degree of care which plaintiff was required to exercise for her own safety.

Also, construing the record most favorably to the appellant, there is no testimony which tends to sustain the allegation of the declaration that these steps constituted ''concealed dangers.'' The undisputed testimony discloses that the floor was of inlaid tile with a pronounced border near the northerly side of the room, where plaintiff first entered, and extending across the approach to the steps. In effect this border plainly marked what may be referred to as the upper step or tread. The edge of each tread is plainly marked by a dark strip of cork, which is in decided contrast with the white tile used in the general construction of the balance of the treads and the floor. Neither the adjacent show case at plaintiff's left nor the booths at her right in any way obstructed her range of vision. As she turned to her left towards the steps she must have passed over at least six feet of level floor before reaching the first descent. Unless there was inadequate light, the undisputed facts foreclose any question of a ''concealed danger.''

The remaining question is whether the trial court was justified in holding as a matter of law that these steps were adequately lighted. A careful review of the record brings the conclusion that he was. The real cause of this accident is disclosed by plaintiff's testimony on direct examination:

''I didn't see the steps, and in some manner I over-stepped and that was all there was, and I was gone.  *  *  *  I fell.  *  *  *  I found myself on the floor.  *  *  *  I did not see no steps.

(Cross-examination)

"*Q.* You say that at the time that you were looking at a show-case?

"*A.* Yes, sir.   *   *   *

"*Q.* You would be walking from the south toward the north?

"*A.* Yes, sir.

"*Q.* But as you were walking from the south toward the north, you were looking to the left, that would be toward the front of the store, which would be west, wouldn't it?

"*A.* I think so.

"*Q.* And looking at the display of goods in the show-case?

"*A.* Yes, sir.

"*Q.* And as you walked along, suddenly, as you say, you stepped into space, lost your balance, and fell?

"*A.* Yes, sir."

Briefly, the undisputed record is that at the time of the accident the restaurant was electrically lighted by eight drop lights of 200 watts each, four 100-watt lights along the center beam between the two rooms, and also bracket or side wall lamps. Two of the 200-watt lamps were suspended from points of best advantage for lighting the steps on which plaintiff fell. That the store in general was adequately lighted is conclusively established by plaintiff's own testimony. Her eyesight was good, and repeatedly she testified that she looked at and saw defendants' general display of merchandise; and that as soon as she entered the store she looked across the room a distance of 30 feet or more and ascertained where the customers were located at the various places of serving, and as the result of such observation she and her companion decided they would go to the northerly side to be served. From plaintiff's own

testimony, as well as from other uncontradicted testimony, it conclusively appears that the illumination was such that plaintiff could have seen the steps had she looked. There is no credible testimony that defendants were guilty of negligence in failing to properly light their place of business.

"It has long since been recognized that falling downstairs, where the mishap was not imputed to unknown or concealed defects, belongs to that class of ordinary accidents which ought to be imputed to the carelessness or misfortune of the sufferer." *Davis* v. *Buss Machine Works,* 169 Mich. 498, 500.

While not on all fours, this case falls within the scope of our decisions reported in *Larned* v. *Vanderlinde,* 165 Mich. 464; *Brown* v. *Berles,* 234 Mich. 353; *Shorkey* v. *Great A. & P. Tea Co.,* 259 Mich. 450; and *Garrett* v. *W. S. Butterfield Theatres, Inc.,* 261 Mich. 262.

The syllabus of the *Shorkey Case, supra,* reads as follows:

"Storekeeper is not insurer of safety of customers, but it is his duty to use reasonable care to provide reasonably safe place for them on his premises."

The following from the *Garrett Case, supra,* is quite applicable to the instant case:

"Different floor levels in private and public buildings, connected by steps, are so common that the possibility of their presence is anticipated by prudent persons. The construction is not negligent unless, by its character, location, or surrounding conditions, a reasonably prudent person would not be likely to expect a step or see it. * * * The situation contained no element of a trap. A reasonably prudent person, watching where he is going,

would have seen the step. Defendant is not under legal duty to prevent careless persons from hurting themselves. We think defendant was not guilty of negligence.''

Judgment of the circuit court is affirmed, with costs to appellees.

McDonald, C. J., and Clark, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.