MAURER v OAKLAND COUNTY PARKS AND RECREATION
DEPARTMENT (ON REMAND)

Docket No. 163080. Submitted April 7, 1993, at Lansing. Decided
August 16, 1993, at 9:45 A.M. Leave to appeal sought.

Kathleen and Roger Maurer brought an action in the Oakland
Circuit Court against the Oakland County Parks and Recre-
ation Department, seeking damages for injuries sustained when
Kathleen fell on steps leading to a restroom at the defendant's
park. The court, Robert C. Anderson, J., granted summary
disposition for the defendant, finding that the defendant did not
breach a duty owed to the plaintiffs. The plaintiffs appealed,
and the Court of Appeals, MURPHY, P.J., and SHEPHERD and
T. S. EVELAND, JJ., reversed and remanded in an unpublished
opinion per curiam, decided August 11, 1992 (Docket No.
133237). The Supreme Court, in lieu of granting leave to
appeal, remanded the case to the Court of Appeals for consider-
ation as on rehearing granted, instructing the Court of Appeals
to reconsider its decision that summary disposition was inap-
propriate with respect to the question of the defendant's duty
to the plaintiffs and, if the Court of Appeals again concludes
that summary disposition was inappropriate with respect to the
duty issue, to address the defendant's governmental immunity
argument as an alternative ground for affirmance of the trial
court's decision. 442 Mich 882 (1993).

On remand, the Court of Appeals held:

The trial court erred in granting summary disposition in
favor of the defendant.

1. Summary disposition on the ground that the defendant
owed no duty to the plaintiffs was improper because there
exists a genuine issue of material fact whether the danger
posed by the steps could have been discovered upon casual
inspection by a reasonable person in Kathleen's position. Rea-
sonable minds could differ regarding whether the danger pre-

REFERENCES

Am Jur 2d, Negligence §§ 89 et seq.; 387.
See ALR Index under Governmental Immunity or Privilege; Guests,
Invitees, or Licensees.

sented by the steps was so open and obvious that an invitee in Kathleen's position reasonably might be expected to discover it.

2. Summary disposition in favor of the defendant on the ground of governmental immunity also would be improper. The plaintiffs have alleged facts showing that the steps leading to the defendant's building constitute a dangerous or defective condition of the building that warrants the application of the public building exception to governmental immunity. The public building exception applies because the steps formed part of the building and thus constituted an allegedly dangerous or defective condition of the building itself. The steps provide the building's only means of ingress and egress, are not merely adjacent to the building, and are related to the permanent structure or physical integrity of the building.

Reversed and remanded.

SAWYER, J., dissenting, stated that the defendant did not have a duty to warn Kathleen Maurer of the open and obvious dangers of the steps.

1. NEGLIGENCE — INVITEES — DUTY TO WARN — KNOWN OR OBVIOUS DANGERS.

Possessors of land do not have a duty to warn invitees of open and obvious dangers unless the invitor anticipated the harm despite the invitee's knowledge of it; whether a danger is open and obvious depends upon whether it is reasonable to expect that an average user with ordinary intelligence would have discovered the danger upon casual inspection.

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — DANGEROUS OR DEFECTIVE STEPS.

The public building exception to governmental immunity applies where injury occurs as the result of a dangerous or defective condition of the steps of a public building if the steps constitute a stairway leading into the building, provide the only means of ingress and egress, are not merely adjacent to the building, and are related to the permanent structure or physical integrity of the building (MCL 691.1406; MSA 3.996[106]).

*Lakin, Worsham & Victor, P.C.* (by *Lori A. Young-Barker* and *Larry A. Smith*), for the plaintiffs.

*Vandeveer Garzia* (by *John J. Lynch* and *David B. Timmis*), for the defendant.

ON REMAND

Before: MURPHY, P.J., and SHEPHERD and SAW-
YER, JJ.

SHEPHERD, J. This case is before us on remand
by order of the Supreme Court for consideration as
on rehearing granted. 442 Mich 882 (1993). Plain-
tiffs initially appealed from an order of the circuit
court granting summary disposition in favor of
defendant pursuant to MCR 2.116(C)(10). We re-
versed and remanded for a trial or other proceed-
ings in an unpublished opinion per curiam, de-
cided August 11, 1992 (Docket No. 133237). There-
after, defendant filed an application for leave to
appeal to the Supreme Court.

In lieu of granting leave to appeal, the Supreme
Court remanded to the Court of Appeals for con-
sideration as on rehearing granted. The Supreme
Court instructed us to reconsider on remand our
decision that summary disposition was inappropri-
ate with respect to the question of defendant's
duty to plaintiffs in light of the Supreme Court's
decisions in *Riddle v McLouth Steel Products
Corp,* 440 Mich 85; 485 NW2d 676 (1992), and
*Wade v Dep't of Corrections,* 439 Mich 158; 483
NW2d 26 (1992). If we again conclude on remand
that the trial court erred in granting summary
disposition in favor of defendant with respect to
the duty issue under MCR 2.116(C)(10), the Court
directed us to address defendant's governmental
immunity argument as an alternative ground for
affirmance of the trial court's decision under MCR
2.116(C)(7).

In this case, plaintiffs claimed that defendant
was negligent in failing to mark, or otherwise
warn of, a cement step that caused Kathleen

Maurer (hereafter plaintiff) to fall as she left a washroom at defendant's park.

In *Riddle, supra,* the Supreme Court held that possessors of land do not have a duty to warn invitees of open and obvious dangers unless the invitor anticipated the harm despite the invitee's knowledge of it. In *Novotney v Burger King Corp (On Remand),* 198 Mich App 470, 474-475; 499 NW2d 379 (1993), this Court stated that whether a danger is open and obvious depends upon whether it is reasonable to expect that an average user with ordinary intelligence would have discovered the danger upon casual inspection.

After a careful review of Kathleen Maurer's deposition testimony and the photographs of the entrance to the restrooms submitted by plaintiffs, we conclude that summary disposition was improper on the ground that defendant owed no duty to plaintiffs, because there exists a genuine issue of material fact whether the danger posed by the steps could have been discovered upon casual inspection by a reasonable person in plaintiff's position. See *Radtke v Everett,* 442 Mich 368, 385-394; 501 NW2d 155 (1993), where the Court, after discussing the reasonable person standard, defined an objective reasonableness standard in a case involving a hostile work environment as pertaining to a reasonable person in the plaintiff's position.

As the photographs show, plaintiff had to step up and down three steps in order to enter and leave the building containing the restrooms and a concession stand. After the first step, which was approximately seven inches higher than the sidewalk leading to the building, there was an elevated walkway leading to the second step. After the second step, there was another elevated walkway, where there was a refuse bin and a public

telephone booth. Access to the building was gained by stepping up a third and final step. We note that these three steps are not normal steps, as in a conventional staircase, but are separated by two elevated walkways.

Plaintiff testified that after leaving the darker restroom and encountering the bright, glaring sun, she did not see that the walkway's elevation had changed between the second and first steps. As a result, plaintiff fell when, without any kind of warning, she encountered the seven-inch dropoff.

Giving the benefit of reasonable doubt to plaintiffs, we believe that there exists a genuine issue of material fact whether the danger presented could have been discovered upon casual inspection by a reasonable person in plaintiff's position. We note that it is quite normal not to pay attention or think about the nature of steps going into a restroom, particularly where the steps are separated by two elevated walkways. Here plaintiff entered the restroom while accompanying her two children. She stated that, when she came out of the darker restroom into the bright sunlight, she did not see the change in elevation between the first and second steps leading to the building. As the photographs taken from inside the restroom building show, there is the impression that the entire area is flat. In view of the deposition testimony and the photographs, summary disposition in favor of defendant with respect to the issue of duty was thus not proper because reasonable minds could differ regarding whether the danger presented by the steps was so open and obvious that an invitee in plaintiff's position might reasonably be expected to discover it.

In addition, summary disposition in favor of defendant would also be improper on the ground

of governmental immunity. MCL 691.1407; MSA
3.996(107).

MCR 2.116(C)(7) tests whether a claim is barred
by governmental immunity, and requires consider-
ation of all documentary evidence filed or submit-
ted by the parties. MCR 2.116(G)(5); *Wade, supra,* p
162. All well-pleaded allegations are accepted as
true and construed most favorably to the nonmov-
ing party under this subrule. *Id.,* pp 162-163. Gov-
ernmental immunity is an affirmative defense that
must be stated in the party's responsive pleading.
*Id.,* p 163. To survive a motion for summary dispo-
sition, the plaintiff must allege facts warranting
the application of an exception to governmental
immunity. *Id.*

Plaintiffs allege that defendant is not shielded
from liability for its alleged negligence by govern-
mental immunity. Plaintiffs state that under MCL
691.1406; MSA 3.996(106), governmental agencies
are responsible for the repair and maintenance of
public buildings under their control. As provided
by this section:

> Governmental agencies are liable for bodily in-
> jury and property damage resulting from a danger-
> ous or defective condition of a public building if
> the governmental agency had . . . knowledge of
> the defect and . . . failed to remedy the condition
> or to take action reasonably necessary to protect
> the public against the condition.

In *Wade, supra,* p 163, the Court reviewed Mich-
igan case law regarding the public building excep-
tion to governmental immunity under MCL
691.1406; MSA 3.996(106). The Court noted that in
*Reardon v Dep't of Mental Health,* 430 Mich 398;
424 NW2d 248 (1988), it had held:

> The duty to repair and maintain relates to the

structural condition of the premises, and a government engaged in a governmental function is open to liability only where the injury results from a dangerous or defective condition *of* a building. [*Wade,* p 163.]

In *Wade,* p 164, the Court stated that the holding in *Reardon* regarding the public building exception was controlling. In *Wade,* the Court, citing *Reardon,* further stated that the public building exception to governmental immunity under MCL 691.1406; MSA 3.996(106) is to be narrowly construed and that the statute applies to injuries related to the "permanent structure or physical integrity of the building." *Wade,* p 168.

The question presented in the instant case is whether plaintiffs have alleged facts showing that the steps leading to defendant's building constitute a dangerous or defective condition of the building so as to warrant the application of the public building exception to governmental immunity. We believe that the public building exception applies to this case because the steps in question formed part of the building and thus constituted an allegedly dangerous or defective condition of the building itself.

In concluding that the steps leading to defendant's building must be considered as part of the building itself, we note that the steps constitute a stairway leading into the building and provide the building's only means of ingress and egress. These steps are not merely adjacent to the restroom building, but are related to the "permanent structure or physical integrity of the building." *Wade, supra,* p 168.

We note that in *Reardon,* pp 410-411, the Court, in concluding that the public building exception applies in cases where the physical condition of

the building causes the injury, observed that the word "of" is defined as:

> A term denoting that from which anything proceeds; indicating origin, source, descent, and the like; as, he is of noble blood. Associated with or connected with, usually in some casual relation, efficient, material, formal, or final. The word has been held equivalent to after; at, or belonging to; in possession of; manufactured by; residing at; from. [Black's Law Dictionary (5th ed), p 975.]

In the instant case, the steps must be viewed as part *of* the building itself because they are intimately associated, or connected, with the building itself, because it is impossible to enter or leave the building without going up or down them. Cf. *Eberhard v St Johns Public Schools,* 189 Mich App 466; 473 NW2d 745 (1991), where this Court ruled that the public building exception did not apply to dangers presented on school property where the plaintiff was injured while playing basketball on an adjacent elementary school playground.

Accordingly, we conclude that the trial court erred in granting summary disposition in favor of defendant. Summary disposition in favor of defendant was not proper under MCR 2.116(C)(10), because there exists a genuine issue of material fact whether the danger presented by the steps was so open and obvious that an invitee in plaintiff's position might reasonably be expected to discover it. In addition, summary disposition is not proper under MCR 2.116(C)(7), because the steps in question formed part of the building itself and thus warranted the application of the public building exception to governmental immunity.

Reversed and remanded for trial.

MURPHY, P.J., concurred.

SAWYER, J. *(dissenting).* I respectfully dissent. I find no meaningful basis to distinguish this case from *Novotney v Burger King Corp (On Remand),* 198 Mich App 470, 474-475; 499 NW2d 379 (1993). The logic and reasoning applied in *Novotney* clearly apply in this case. I conclude that there exists no genuine issue of material fact that the danger presented was, in fact, open and obvious.

I would, therefore, affirm.