595 N.W.2d 152 (1999)
235 Mich. App. 490
Linda Lea MILLIKIN, Plaintiff-Appellant,
v.
WALTON MANOR MOBILE HOME PARK, INC., Defendant-Appellee.
Docket No. 207051.
Court of Appeals of Michigan.
Submitted January 14, 1999, at Detroit.
Decided March 19, 1999, at 9:05 a.m.
Released for Publication June 22, 1999.
*153 Barry F. LaKritz, Farmington Hills, for the plaintiff.
Hayduk, Andrews & Hypnar, P.C. (by Robin K. Andrews and Francis J. Lagrou), Detroit, for the defendant.
Before SAWYER, P.J., and BANDSTRA and R.B. BURNS[*], JJ.
BANDSTRA, J.
While washing windows behind her mobile home, plaintiff tripped over a supporting wire that extended from near the ground at the base of the home to a utility pole. The trial court determined that any danger presented by the wire was open and obvious and granted defendant summary disposition. On appeal, plaintiff claims the trial court erred because the open and obvious doctrine cannot apply to this case. She argues the doctrine is inapplicable because she did not allege a failure to warn but, instead, alleged that defendant had failed to maintain the premises in a reasonably safe condition by placing the support wire where it did.[1]
We conclude that plaintiff's argument is inconsistent with modern open and obvious jurisprudence provided to us in Riddle v. McLouth Steel Products Corp., 440 Mich. 85, 485 N.W.2d 676 (1992), and Bertrand v. Alan Ford, Inc., 449 Mich. 606, 537 N.W.2d 185 (1995). We further conclude that plaintiff failed to present sufficient evidence that, notwithstanding the open and obvious nature of the support wire, it presented an unreasonable risk of harm that imposed on defendant a duty to undertake precautions to protect her. Accordingly, we affirm.
Reviewing the trial court's grant of summary disposition de novo, Pendzsu v. Beazer East, Inc., 219 Mich.App. 405, 408, 557 N.W.2d 127 (1996), we consider the evidence in a light most favorable to plaintiff, Quinto v. Cross & Peters Co., 451 Mich. 358, 362, 547 N.W.2d 314 (1996). The accident occurred behind a mobile home that plaintiff had lived in for four years and where she had been a frequent visitor during the previous six years while the home was owned by her mother. On a bright, sunny day, plaintiff was washing the windows on the home, proceeding window by window from the front of the home to the back. As she did so, she caught her foot on the support wire. Plaintiff had never seen the support wire before this mishap. At her deposition, plaintiff admitted that "if I was looking for it I would have seen it" but that she did not because *154 "I was looking at windows and where I was putting my stuff."
A number of "donuts" had been affixed to the wire, apparently to increase its visibility. However, they were at the bottom of the support wire at the time of the accident, apparently having slipped to that location at some prior time. Plaintiff did not allege that, because the donuts were mislocated or otherwise, defendant had negligently failed to provide warning about the wire. Instead, plaintiff's complaint alleged only that defendant had failed in its duty to maintain its premises in a reasonably safe condition by allowing the unsafe situation caused by the support wire.
Having stated her complaint in this fashion, the gist of plaintiff's main argument on appeal is that the trial court erred in applying the open and obvious doctrine because this was not a "duty to warn" case. The premise of this argument is that the open and obvious doctrine applies only where failure to warn allegations have been made, and that it is inapplicable where the allegation is that a defendant has failed to maintain premises in a reasonable condition. This premise is contrary to recent Michigan case law.
We begin with a review of Riddle. Plaintiff Riddle alleged that defendant McLouth had both "breached its duty to exercise reasonable care" and failed to appropriately warn him about the presence of oil in the work area where he fell. Riddle, supra at 90, 485 N.W.2d 676. The theory of the case was that McLouth had created an unreasonable risk of harm by allowing the oil to accumulate, failing to take reasonable steps to clean it up, failing to exercise reasonable care in inspecting the floor, failing to designate a safe path around the dangerous area, and failing to warn Riddle about the presence of the oil.[2]Id. at 114-115, 485 N.W.2d 676 (Levin, J., dissenting).
Reviewing early precedents, the Riddle Court found the genesis of the open and obvious doctrine in Caniff v. Blanchard Navigation Co., 66 Mich. 638, 33 N.W. 744 (1887). Riddle, supra at 91, 485 N.W.2d 676. The plaintiff there fell through an open hatch on a ship and, because the danger was not hidden, was denied a cause of action. Id.
The occupier of premises, no doubt, is bound, as to persons thereon by his express or implied invitation, to keep the premises free from, or give a warning of, danger known to him and unknown to the visitor. [Riddle, supra at 91-92, 485 N.W.2d 676, quoting Caniff, supra at 647, 33 N.W. 744 (emphasis supplied).]
The Riddle Court further noted that, in Quinlivan v. Great Atlantic & Pacific Tea Co., Inc., 395 Mich. 244, 235 N.W.2d 732 (1975), the Court had adopted the revised § 343 of the Second Restatement of Torts, which reads in part:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he ... should expect that they will not discover or realize the danger.... [2 Restatement Torts, 2d, § 343, as quoted in Riddle, supra at 93, 485 N.W.2d 676 (emphasis supplied).]
Finally, the Riddle Court noted that, in Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 418 N.W.2d 381 (1988), "we held that a possessor of land does not owe a duty to protect his invitees ... [from] dangers that are so obvious and apparent that an invitee may be expected to discover them himself." Riddle, supra at 94, 485 N.W.2d 676 (emphasis supplied). In Williams, the Supreme Court further noted § 343A of the Second Restatement, *155 Riddle, supra at 94, 485 N.W.2d 676, which provides:
A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them.... [2 Restatement Torts, 2d, § 343A(1), as quoted in Riddle, supra at 94, 485 N.W.2d 676 (emphasis supplied).]
On the basis of these precedents, the Riddle Court stated that "the `no duty to warn of open and obvious danger' rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case." Riddle, supra at 95-96, 485 N.W.2d 676 (emphasis supplied).
We conclude from the precedents summarized in Riddle that the open and obvious doctrine applies both to claims that a defendant failed to warn about a dangerous condition and to claims that the defendant breached a duty in allowing the dangerous condition to exist in the first place. In Caniff, supra at 647, 33 N.W. 744, the Court reasoned that an owner of premises has no duty "to keep the premises free from" dangers if those dangers are known to a visitor. In Quinlivan, supra at 258-260, 235 N.W.2d 732, the Court adopted the Restatement rule that a possessor of land can be subject to liability for "a condition on the land" only if an invitee would not discover or realize the danger. In Williams, supra at 500, 418 N.W.2d 381, the Court reasoned that a possessor of land is absolved of any duty to "protect invitees" from obvious and apparent dangers. The Williams Court did not limit the open and obvious doctrine to situations where the defendant failed to provide a warning and cited with approval the Restatement provision extending the doctrine to liability arising out of "any activity or condition on the land." Id. at 500 & n. 12, 418 N.W.2d 381. The Riddle Court, supra at 95-96, 485 N.W.2d 676, concluded that the open and obvious doctrine attacks the duty element that must be established in any "prima facie negligence case," not just a failure to warn case.
Consistent with Riddle, the Supreme Court in Bertrand began its analysis of the open and obvious doctrine by quoting from Williams and the Restatement. Bertrand, supra at 609-610, 537 N.W.2d 185. Again, the Court did nothing to suggest that the doctrine was limited to harms caused by a failure to warn but, instead, noted its application to harms "caused by a dangerous condition of the land" or "any activity or condition on the land." Id.
Further, the Bertrand Court noted that premises liability cases are usually based on one or more of three theoriesfailure to warn, negligent maintenance, or defective physical structurewithout suggesting that the protections afforded by the open and obvious doctrine are limited to the failure to warn theory. Id. at 610, 537 N.W.2d 185. Consistent with that approach, the Court held in one of the consolidated cases before it, Maurer v. Oakland Co. Parks & Recreation Dep't, 201 Mich.App. 223, 506 N.W.2d 261 (1993) that summary disposition had been properly granted to the defendant under the open and obvious doctrine, even though the plaintiff alleged that the defendant had failed to maintain safe premises for invitees and failed to exercise reasonable care for their safety, in addition to the failure to warn claim.[3]Id. at 618, 621, 537 N.W.2d 185.
*156 On the basis of Riddle and Bertrand and their analysis of applicable precedents, we conclude that the open and obvious doctrine applies to this premises liability case, notwithstanding plaintiff's avoidance of a "failure to warn" allegation in drafting her complaint.[4] The logic of these cases, as well as the language they employed, demonstrates that the doctrine protects against liability whenever injury would have been avoided had an "open and obvious" danger been observed, regardless of the alleged theories of liability.[5] Here, regardless of plaintiff's allegations that defendant allowed the support wire to be where it was in an unreasonable and negligent manner, the simple fact is that plaintiff would not have been injured had she noticed the wire. Accordingly, the open and obvious doctrine was properly applied by the trial court.
Plaintiff further argues that, in applying the doctrine, the trial court erred in concluding that there was insufficient evidence to present a factual question for the jury with respect to the open and obvious nature of the support wire. Having reviewed the pictures of the wire in its surroundings and plaintiff's deposition testimony that she would have seen the wire if she had looked up from her work, we disagree. As in the Maurer case, which had similar testimony by the plaintiff and similar pictures, we conclude that no genuine issue of material fact was presented and summary disposition was appropriately granted. See Bertrand, supra at 619-621, 537 N.W.2d 185.
Finally, plaintiff argues that, even assuming the support wire was "open and obvious," the trial court erred in granting summary disposition without addressing whether it still presented an unreasonable risk of harm. As stated in Bertrand:
[T]he rule generated is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. [Bertrand, supra at 611, 537 N.W.2d 185 (emphasis supplied).]
Accordingly, the Court reasoned that, while the danger of tripping and falling on a step is generally open and obvious, there may be special aspects of particular steps that make a risk of harm unreasonable nonetheless. With respect to the Bertrand case, the Court concluded that evidence regarding the "congested pedestrian traffic pattern" resulting from "the construction of the step, when considered with the placement of the vending machines and the cashier's window, along with the hinging of the door" was sufficient to prevent summary disposition for the defendant. Id. at 624, 537 N.W.2d 185. Because of this evidence, "a genuine issue existed regarding whether the defendant breached *157 its duty to protect the plaintiff against an unreasonable risk of harm, in spite of the obviousness or of the plaintiff's knowledge of the danger...." Id. (emphasis in original).
In contrast to the Bertrand case, plaintiff has come forward with no evidence upon which a rational factfinder could conclude that, notwithstanding the open and obvious nature of the support wire, it still presented an unreasonable risk of harm. Instead, as in the Maurer case, "[t]he plaintiff's only asserted basis for finding that the [support wire] was dangerous was that she did not see it." Bertrand, supra at 621, 537 N.W.2d 185. Because plaintiff has "failed to establish anything unusual" about the wire and "not presented any facts that the [support wire] posed an unreasonable risk of harm," notwithstanding its open and obvious nature, the trial court properly granted summary disposition. Id.
We affirm.
NOTES
[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.
[1] Defendant has not argued that it is not responsible for the wire or its placement.
[2] Because Riddle thus involved both "duty to maintain premises in a reasonably safe condition" and "duty to warn" claims, it might reasonably be inferred that the Riddle "open and obvious" analysis applies to both kinds of claims. However, the contested jury instruction, upon which reversal was granted, had only to do with the alleged failure to warn. Riddle, supra at 100, 485 N.W.2d 676.
[3] Similar treatment was afforded claims other than failure to warn in Boyle v. Preketes, 262 Mich. 629, 247 N.W. 763 (1933), and Garret v. W.S. Butterfield Theatres, Inc., 261 Mich. 262, 246 N.W. 57 (1933), both of which were cited with approval in Bertrand, supra at 614-615, 537 N.W.2d 185. In Boyle, the Supreme Court affirmed a directed verdict in favor of the defendants regarding claims of failure to warn, failure to maintain sufficient lighting, and placing distracting show cases in a store at a point of particular danger. See Boyle, supra at 632, 636, 247 N.W. 763. In Garret, the Supreme Court reversed a jury verdict in favor of a plaintiff alleging construction and maintenance negligence in the lighting and color schemes surrounding a lounge and adjoining step-down toilet room. See Garret, supra at 263-264, 246 N.W. 57. Similarly, a panel of this Court recently applied the open and obvious doctrine in a case where the plaintiff alleged no failure to warn but, instead, alleged that the defendant had failed to maintain premises in a reasonably safe condition and negligently allowed him to work on the premises without following applicable occupational safety precautions. Hottmann v. Hottmann, 226 Mich.App. 171, 174-176, 572 N.W.2d 259 (1997).
[4] We further note that, if we were to adopt plaintiff's argument in this case, the open and obvious doctrine could be avoided in most, if not all, cases in which it would otherwise apply, simply through the expedient of artful pleading.
[5] Of course, Bertrand further held that this is not the case, i.e., observation of an open and obvious danger would not prevent injury, if, notwithstanding that observation, an unreasonable risk of harm remains. See remaining discussion in this opinion.